## In the Matter of the Estate of ELLEN KING, Deceased.

Surrogate's Court, New York County, July, 1923.

**Trusts — infants — accumulation of income during minority — implied direction for accumulation for educational purposes — when general guardian not entitled to receive same.**

Testatrix devised and bequeathed the remainder of her estate in trust for the benefit of three grandnephews, directing her trustee to apply and pay the income from the trust property for their education, and upon each of the grandnephews arriving at the age of twenty-three years to turn over to each of them absolutely one-third of the principal with the remainder over to the survivors in case of the death of any of them before reaching the age of twenty-three years. The general guardian of the infants contends that if the will directs the expenditure out of the income of moneys sufficient for the education only of the infants, the surplus income is payable to him in behalf of the infant as the owner of the next eventual estate or in the alternative that the entire income should be paid over to him as such guardian. *Held*, that the will creates separate divisible trusts for the benefit of each of the infants with remainder over, in case of the death of any of them before reaching twenty-three years of age, to the survivors; that while there is no express direction to accumulate, there is. however, an implication that the trustee reserve such accumulations over and above the moneys to be expended by him for the limited purpose fixed by the testatrix; that the implied direction to accumulate income during the minority of each infant is valid under section 61 of the Real Property Law; that section 63 of the Real Property Law has no application to the will as it only applies where there is no valid direction for an accumulation express or implied; that the contentions of the general guardian cannot be sustained.

Should the infants become destitute or if their parents, with whom they reside, are unable to provide for their maintenance and support, an application for an annual allowance for that object may be made under section 17 of the Personal Property Law.

ACCOUNTING proceeding.

*Beekman, Menken & Griscom* (*William L. Bainton*, of counsel), for temporary administrator and executor.

*House, Grossman & Vorhaus* (*Louis J. Vorhaus*, of counsel), for James J. King, general guardian.

*Charles Siegel Levy*, special guardian for James King, Philip King and Edward King, infants.

FOLEY, S. In this accounting proceeding a construction of the will is requested. The paragraph over which the contention arises is as follows:

" *Second.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath in trust to my executor hereinafter named for the sole and equal use and benefit of my three grandnephews James King, Edward King and Philip King, children of my nephew James J. King of 48th Street, Brooklyn, New York and I direct that the said trustee shall apply and pay the income derived from said property for the education of my said grandnephews in Roman Catholic schools and upon each of my said grandnephews arriving at the age of 23 years, I direct that said trustee shall turn over to him absolutely one-third of the principal of said property, and in the event that one or more of my said grandnephews shall die before he reaches the age of 23 years, then it is my will that the said trustee shall pay the share or shares that would otherwise have been paid to said deceased grandnephew or grandnephews to the survivor or survivors of him or them in equal parts. Upon the last surviving grandnephews reaching the age of 23 years the trust herein created shall terminate."

This paragraph of the will created separate divisible trusts for the benefit of each of the infants, with remainder over, in case of the death of any of them before reaching twenty-three years of age, to the survivors. The general guardian of the infants contends that if the will directs the expenditure out of the income of moneys sufficient for the education only of the infants, the surplus income is payable to the general guardian in behalf of the infant as the owner of the next eventual estate.

This contention cannot be sustained. There is no express direction to accumulate, but there is a clear implication that the trustee reserve such accumulations over and above the moneys to be expended by him for the limited purpose fixed by the testatrix.

An implied direction to accumulate for a minority is valid under section 61 of the Real Property Law. Section 63 of the Real Property Law has no application to this will, and only authorizes the payment of the undisposed of income to the owners of the next eventual estate where there is no valid direction for an accumulation, express or implied.

It is obvious that the direction to accumulate the income beyond

the minority of each of the three infants and until they are twenty-three years of age is unlawful. Real Prop. Law, § 61. The paragraph to be construed requires the trustee to apply and pay "the income derived from the said property for the education" of the three infant beneficiaries in certain schools. In *Matter of Connolly*, 71 Misc. Rep. 388, Surrogate Ketcham held that a direction to apply income to the education of children vested discretion as to the amount payable in the testamentary trustee, and did not authorize the expenditure of income for the support and maintenance of the infant. The beneficiaries in this estate reside with their parents, and it is the desire of the latter that they remain with them, attending day school, rather than to have them maintained in a boarding school. The trustee has paid over to the general guardian the sum of $500 annually for educational purposes out of the total annual income of approximately $5,000.

The term "education" should not be unreasonably restricted in its meaning, but it should not be extended in such a manner as to compel the trustee to apply the entire income to the sustenance of the infants. Liberal provision should be made by the trustee for purposes which are generally educational in their nature, and these purposes not only include actual tuition, but the cost of books, incidental expenses, school clothes and the expenses of vacational schools or camps. These are considerations for the trustee that properly justify an increase of the present allowance. The accumulations of income will be available for the infants when they reach the age when the expenses of an advanced education will have to be met.

The alternative contention of the general guardian that the entire income should be paid over to him must also be overruled. *New York Trust Co.* v. *Black*, 178 App. Div. 4; affd., 223 N. Y. 703. If the infants become destitute, or if their parents are unable to provide for their maintenance and support, application may be made under section 17 of the Personal Property Law for an annual allowance for that object.

The objections of the general guardian to counsel fees of the attorney for the accountant are overruled.

Tax costs and submit decree promptly.

Decreed accordingly.