In the Matter of the Estate of MARY KELLY, Deceased.

Surrogate's Court, Kings County, October 9, 1933.

John J. Rooney, for the petitioner.

Gross & Keck, for the trustee.

Charles F. Hulseman, for the remaindermen.

WINGATE, S. The petition herein makes a satisfactory showing under section 17 of the Personal Property Law that the infant herein is " destitute of * * * sufficient means of support or education " other than the accumulations of the trust fund under her grandfather's will in which she has a contingently vested interest. It follows, therefore, that the court has a discretionary power to authorize payments from such accumulations for this purpose, in spite of the fact that her interest therein may be divested by her death prior to the attainment of her majority. (Matter of Wagner, 81 App. Div. 163, 166; Matter of Lehman, 2 id. 531, 533; Matter of King, FOLEY, S., 121 Misc. 298, 300.)

Certain statements contained in the opposing affidavit of the contingent remainderman who may become entitled to the fund in the event of the infant's death prior to reaching majority, are irrelevant on the issue presented. It may well be that the present predicament of the infant is in part due to the improvidence of her guardian, but the sole presently relevant question concerns her present destitution, which is uncontroverted. Such incompetence, if demonstrable, might furnish a basis for the removal of the guardian by the authority which appointed her, but is not a question of moment at this time.

In view of all the circumstances disclosed in the application, the court is of opinion that the requested allowance of seventy-five dollars per month is unnecessarily high, since the sum granted is to be used solely for the benefit of the infant and is not to be spent for the needs of her guardian or other relatives. The court, in its discretion, therefore, directs the trustee to pay to the guardian from the accumulations in its hands the sum of sixty dollars per

month for one year beginning with the month of August, 1933, unless the infant shall die in the meantime.

Counsel for the applicant and the trust company may tax costs on the settlement of the order, payable from the accumulations in the hands of the trustee.

Proceed accordingly.