## *In re* SMITH'S ESTATE.

### *In re* HAWKS.

*(Supreme Court, General Term, Fifth Department. January 24, 1891.)*

WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.

Where a will directs the testamentary trustee to receive the income of the estate, and apply it first to taxes, insurance, etc., and then to pay over the residue, and apply it to the beneficiary's support, the beneficiary is entitled to the entire income after payment of the taxes, etc., and an order of the surrogate directing him to pay it over every six months is proper.

Appeal from surrogate's court, Erie county.

Petition by Helen S. McGillivray against Edward C. Hawks, testamentary trustee under the will of Eli B. Smith, deceased. The trustee appeals from part of the surrogate's decree.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Spencer Clinton*, for appellant. *Franklin D. Locke*, for respondent.

CORLETT, J. Eli B. Smith, of the city of Buffalo, made a will in November, 1876. In September, 1877, he made a codicil, and in April, 1883, executed another codicil, upon which the questions involved in this appeal arise. The will and codicils were admitted to probate in September, 1888. This proceeding was commenced in the form of a petition by Helen S. McGillivray, a daughter of the testator, and beneficiary under the will and codicils of the deceased. Such proceedings were had that the surrogate found a balance of $232.42 of income in the hands of the trustee, which he directed should be paid over to the petitioner after deducting fees. The decree further directed the trustee to pay to the petitioner semi-annually the net income which came into his hands, less his commissions and expenses, and less such part thereof. as he should during the six months have applied to her use and maintenance, in accordance with the terms and provisions of the codicil. The trustee, Edward C. Hawks, appealed from the above portion of the surrogate's decree or order.

The codicil in question directs the trustee to receive the income, and apply the same, first, in the payment of taxes, insurance, repairs, and other necessary expenses, and to pay the residue over, and apply it to the support and maintenance of the respondent herein. The codicil manifestly makes a distinction between the *corpus* of the estate and the income. Under certain circumstances the trustee could use the principal for her benefit; but it was manifestly the intention of the testator that the whole of the income should be used for her support, and that of her family, as it accrued. It was not the intention of the testator to accumulate the income. A provision of that kind would have been void. 1 Rev. St. p. 726, §§ 37, 38; p. 773, §§ 3, 4. The decree of the surrogate directing the income to be paid to the petitioner every six months was reasonable. Code Civil Proc. § 2472, subd. 3. The trustee has power to make direct payments of the income for the benefit of the respondent. He is also required to pay taxes, insurance, etc. She would be entitled to receive the balance. It was proper that the surrogate should direct the times when those balances should be paid, so as to prevent accumulation, and relieve the trustee from doubt or embarrassment. It was the intention of the testator not to allow the petitioner's husband to have any control over his daughter's share of the property, nor did he desire to have any portion of it used in business enterprises; but it was not his purpose to prevent the income from being paid to the respondent and her family as it accrued. There is no claim that she does not need the whole of the income for those purposes. The codicil vests in the testamentary trustee discretionary power over the *corpus* of the estate, but the income is directed to be paid over to, or used for the benefit of, the petitioner, and his discretion in that respect was limited to the mode of payment. The portion of the order appealed from must be affirmed. All concur.