In re McCORMICK et al.

(Supreme Court, Appellate Division, Second Department.   April 18, 1899.)

1. WILLS—TRUSTS FOR INFANTS—CONSTRUCTION.
   A testamentary direction to trustees to apply the net income of a trust fund to "the support, maintenance, and education of said child until such child arrives at the age of 21 years," when the principal was to be paid to the child, does not require that the entire income, as it comes into the trustee's hands, be applied to the child's wants, though the word "proper" is not used in connection with the words "support, maintenance, and education."

2. SAME—PROCEEDINGS BEFORE SURROGATE—COSTS.
   An order denying an application by the testamentary guardians of an infant to compel the testamentary trustees to apply the entire income of the trust to the support of the infant is a "final order," in a special proceeding in a surrogate's court, within Code Civ. Proc. § 2550, so that the trustees may be allowed their costs, where under $70, exclusive of disbursements.

Appeal from order of surrogate, Kings county.

In the matter of the application of Laura Brenton McCormick and others, as testamentary guardians of Theodora Brenton Eliot McCormick, an infant, under the will of Eliot McCormick, deceased, for an order authorizing the application of the income of said infant's property for her support. From an order denying the application of Laura Brenton MacDonald to vacate a prior order, or to modify it so as to direct the other testamentary guardians to pay over to her the entire income of one-half of the estate of the deceased as the same accrues (49 N. Y. Supp. 1119), she appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William R. Wilder (John Ewen, on the brief), for appellant.
George G. Dutcher, for respondents.
Edwin Kempton, special guardian.

WILLARD BARTLETT, J.   The appellant was the wife of Eliot McCormick, who died in 1891, leaving her surviving him as his widow, and one child, Theodora Brenton Eliot McCormick, who was then about one year old.   By his will, he devised and bequeathed to Edgar W. Abbot and Charles C. Cummings, as trustees, one-half of all his property, in trust to divide the same into as many equal shares as he should leave children surviving him, "and to set apart one for each child, and to apply the net income of each child's share to the support, maintenance, and education of said child until such child arrives at the age of twenty-one years, when the principal of such share shall be paid to such child." The testator appointed his wife and the two trustees above named guardians of his infant child.   In 1896, these three guardians presented a petition to the surrogate's court of Kings county, showing that all of the testator's estate was then well invested, and that the net income amounted to about $2,800 a year; and they prayed that an order should be made authorizing them to apply the sum of $1,050 annually to be used for the support, education, and maintenance of

the testator's infant child, said sum to be paid in four equal quarterly payments to the mother. Upon this petition the surrogate, on October 20, 1896, made the desired order, authorizing the general guardians to apply the sum of $1,050 from the income of the infant's estate, or so much thereof as in their judgment might be necessary for the support and education of said infant, in each and every year during her minority, or until the further order of the court. In February, 1897, the widow married Charles H. MacDonald, and in August of that year she presented a petition to the surrogate's court, alleging, in substance, that she had not received all the money that she was entitled to receive from the trustees under the order of October 20, 1896, and asking that said order be vacated, and an order entered, in lieu thereof, "directing said Abbot and Cummings to forthwith pay over to your petitioner the accumulated income belonging to said infant, and directing said Abbot and Cummings to hereafter apply, in strict conformity with the terms of said will, one-half of the net income of the entire estate, as therein provided, for the support, maintenance, and education of said child." The trustees interposed an answer to this petition, and a hearing was had before the surrogate, which has resulted in an order denying the appellant's application for all the income of one-half of the estate held in trust for the benefit of the infant, but directing the trustees to pay her $900 a year for the support, education, and maintenance of the child, in equal quarterly payments, and also to pay her $705.91, being a balance due for expenditures heretofore made by her on account of the infant. Upon this appeal the contention of the mother is: (1) That she was entitled to the whole income under the terms of her husband's will; (2) that, even if the surrogate had power to limit the amount which should be paid to her as guardian of the infant, he ought to have allowed her more than $900 a year; and (3) that the surrogate had no authority to award costs out of the estate to the respondents, as he did, in the order appealed from.

Section 2804 of the Code of Civil Procedure provides that, where a person is entitled, by the terms of a will, to the payment of money by a testamentary trustee, he may present to the surrogate's court a verified petition, setting forth the facts which entitle him to the payment, and praying for a decree directing such payment accordingly. The petition of the appellant is to be regarded as having been presented and considered by the surrogate under the provisions of this section. Her position, as asserted in that petition, virtually was that she was entitled, as it accrued in the hands of the trustees, to all the income of the one-half of her husband's estate which they held for the benefit of her child. The assertion of this claim on her part made it incumbent upon the surrogate to determine whether, in fact, she was so entitled to receive the whole income; and to decide that question it became necessary for him to construe her husband's will.

Does that will, as the appellant contends, positively require the trustees to apply the whole income of that portion of the estate which they hold for the benefit of the child to the support, mainte-

nance, and education of the infant, as fast as that income reaches their hands? A construction which gives an affirmative answer to this question is certainly to be avoided, if possible, in the interest of the infant. It would clearly be most unfortunate if the trustees were compelled to spend the entire income of $1,400 a year for the beneficiary when she was only one year old, and yet have no larger sum to apply to her use when she became 20. Such a result is readily avoided by attributing to the testator an intention to have the income applied in such a way as best to supply the wants of his child for the time being; or, in other words, to have the disbursements made in such a way as to meet her growing needs as she grows older. There is nothing in the language of the will opposed to this view. The testator does not direct that the income shall be paid annually, or as it accrues; and the requirements of the will will be complied with if all the income is paid out for the support, maintenance, and education of the child by the time she attains her majority. In McKnight's Ex'rs v. Walsh, 24 N. J. Eq. 498, a well-considered case in the New Jersey court of errors and appeals, the will under consideration directed the executor to hold $25,000 during the minority of any child or children of the testator's daughter, "appropriating and expending the legal interest arising and accruing from said sum of money towards the proper maintenance and education of such child or children, and to pay said principal sum to said child or children on their attaining said age of twenty-one years." The testator's daughter left only one child, who was an infant but seven days old at the time of her death. The trustee, however, paid over the entire income of $25,000 to the father of the infant, as guardian, for nurture. The court held that a correct construction of the will did not authorize this payment; that the discretion of the trustee was limited to the amount proper for the maintenance of the child, and that he had no right to expend a sum that was unreasonable and excessive, inasmuch as such an expenditure would constitute a misappropriation of the income. The appellant here seeks to distinguish this New Jersey case from the case at bar, on the ground that there the payment authorized by the trustee was such as should be sufficient for the "proper" maintenance and education of the infant, while here there is no limitation of the expenditure by the trustees to a proper amount. It seems to me, however, that in construing a provision like this, for the support of an infant child, which may be operative over a period of 20 years, the limitation which was expressed in the New Jersey case should be implied; and that, when a man directs the application of income to the support, maintenance, and education of his child or children, he means the proper support, maintenance, and education, having reference to their condition in life, their wants, and the amount of the principal sum from which the income is derived. The appellant cites Freeman v. Coit, 27 Hun, 447, affirmed in 96 N. Y. 63, in support of the proposition that the direction to apply the income for the benefit of the infant should be deemed a command to apply it all. A careful reading of the opinion, however, shows that the decision does not go as far as this.

The court say that the direction of the testatrix was positive that the income of two-thirds of her estate should be devoted to the support, maintenance, and education of the child, "and under this decided and unequivocal direction her father, as executor, was clearly authorized to make that disposition of the income of this portion of the estate, so far as it was required for this purpose." The last clause which we have quoted is in harmony with the view already expressed, that proper support, maintenance, and education are intended, even where the word "proper," or its equivalent, is not used in the will. Nor is In re Smith's Estate (Sup.) 12 N. Y. Supp. 415, an authority in favor of the appellant; for there it is expressly stated by Mr. Justice Corlett that it was manifestly the intention of the testator that the whole of the income should be used for the support of his daughter and her family as the income accrued; and, furthermore, that there was no claim that she did not need the whole of the income for her support. Upon the facts, I think the surrogate exercised his discretion wisely in holding that $900 a year is a sufficient sum to supply all the present wants of the infant. In regard to the question of costs the surrogate did not exceed the powers conferred upon him by section 2561 of the Code of Civil Procedure. This must be regarded as a special proceeding, the determination of which is embodied in a final order or decree. Id. § 2550. In such a case, where there has been a contest, the surrogate may allow $70 in addition to disbursements. The trustees were successful parties to the proceeding, in so far as they prevented the appellant from obtaining a direction that they should apply the whole income to the support of the infant. The surrogate was therefore authorized to allow them their costs. I think the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.