(71 Misc. Rep. 388.)

### In re CONNOLLY.

(Surrogate's Court, Kings County. March, 1911.)

TRUSTS (§ 271*)—EXECUTION—DISCRETION OF TRUSTEE.
  Where a trustee is directed to apply income to the "education of my said children," the trustee will not be required to pay over the income to be applied by the general guardian of the infants; the discretion of the trustee being involved.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 380, 381; Dec. Dig. § 271.*]

Application of Edward Connolly to compel William Henderson, testamentary trustee, to pay over moneys due certain legatees under the will of Mary Connolly, deceased. Application denied.

James A. Timony, for petitioner.
Michael F. McGoldrick, for trustee.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KETCHAM, S. This case presents a distinction which is too often misunderstood or neglected. Its recognition will save many useless applications to the court. Where a testamentary trustee is imperatively directed to pay income to an infant, it should be paid in full to the general guardian, who in turn may apply it to the maintenance and education of his ward under the order of the court. But where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably.

Too often trustees solely charged with the application of income have paid it to the guardian, and have thus not only deserted their trust, but have imposed a double commission and other expenses upon the infant's fund; while guardians are constantly asking leave to apply to the use of their wards moneys which are not within their control. Here the guardian, who is the father, asks that the trustee pay him certain income, in order that he may use it in part to reimburse himself for past expenditures in taking care of his children, and in part to provide for their future care and maintenance. The trust is to receive the income "and to apply same to the education of my said children." There is no gift for support or maintenance, and the provision for education is itself subject to the discretion of the trustee.

Motion denied.