THE NEW YORK TRUST COMPANY, as Trustee, under the Trust Agreement, Executed December 6, 1904, by HARRY S. BLACK and Others, Respondent, *v.* HARRY S. BLACK and Others, Defendants, Impleaded with NASSAU COUNTY TRUST COMPANY, Appellant.

First Department, May 4, 1917.

Trust — deed of trust with direction to pay income to use of infant — when duty of administering income devolves upon trustee rather than general guardian — trust for use of infant equivalent to use for support and maintenance.

Where the creator of a trust directed that at the death of a life beneficiary a portion of the corpus of the trust consisting of personal property should continue to be held by the trustee "the income thereof be applied to the use" of a certain infant until a specified date if he should live until that time and if not then so long as he shall live, the trustee has the duty and right of applying the income directly to the use of the infant and should not be required to pay it over as it accrues to the general guardian of the infant for administration.

Although the trust deed merely directed the trustee to apply the income "to the use" of the infant and did not state that it should be applied to his "support, education and maintenance," the two phrases mean the same thing and involve the same powers and duties.

PAGE and LAUGHLIN, JJ., dissented, with opinion.

APPEAL by the defendant, Nassau County Trust Company, from so much of a judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of August, 1916, upon the report of a referee as directs plaintiff, as trustee, to retain in its hands certain accrued income upon a trust fund.

*Henry A. Uterhart,* for the appellant.

*Richard G. Babbage,* for the defendant Fuller.

*George Richards,* for the respondent.

SCOTT, J.:

This action is brought by plaintiff as trustee under a certain trust agreement for a settlement of its accounts. But a single question is presented by this appeal.

The trust agreement was executed by one Harry S. Black on December 6, 1904. By it he transferred to plaintiff, as trustee, certain valuable securities to hold the same, collect the interest and dividends thereon and to pay the same to one Allon Fuller Black until April 1, 1920, or, if she should die prior to that date, then until her death. Upon her death prior to that date, if Fuller Chenery (now known as George Allon Fuller) should then be living it was provided that one-third of said portion of said property should continue to be held in trust by said trustee "and the income thereof be applied to the use of said Fuller Chenery, until the first day of April, 1920, if he shall live until then, and if not, then so long as he shall live."

Fuller Chenery (now known as George Allon Fuller) is an infant of about eighteen years of age, and will come to full age on March 7, 1920. Allon Fuller Black died on October 10, 1915, and the trust provision in favor of the aforesaid infant became operative on that date. On December 11, 1915, the defendant and appellant, Nassau County Trust Company, was appointed by the surrogate of Nassau county the general guardian of said Fuller Chenery, now known as George Allon Fuller.

The plaintiff's account as trustee shows that it held a substantial amount of securities subject to the aforesaid trust in favor of said infant, and the contention of said Nassau County Trust Company is that the income from said trust fund should be paid over to it, as it accrues, as general guardian. The plaintiff's contention is that under the terms of the trust deed

First Department, May, 1917.　　　　[Vol. 178.

it is its duty and right to apply said income directly to the use of said infant. This is also the view of the guardian *ad litem* of the infant. No doubt is suggested by any one as to the responsibility of either trust company, and the only practical question involved in the controversy appears to be whether the income of the fund shall be subjected to the payment of one or two sets of commissions.

We are referred by counsel to two cases which, if hastily read, would seem to be in conflict. They are *Gasquet* v. *Pollock* (1 App. Div. 512; affd. on opinion below, 158 N. Y. 734), and *Matter of McCormick* (40 App. Div. 73). Upon a careful reading, however, the cases may easily be reconciled. In *Gasquet* v. *Pollock* it appears that one Eveline G. Marshall had, by will, divided her estate between three daughters. To two of them she left shares outright. The share of the third daughter, Marie Marshall, she gave to her executors in trust to collect and receive the income and to apply the same to the use of her said daughter Marie. Some years after her mother's death, and after she herself had become of age, Marie Marshall was judicially declared to be incompetent and a committee of her person and estate was appointed. The income from the trust fund greatly exceeded what was necessary for the support and maintenance of the incompetent, and the question arose whether the surplus income should be paid over to the committee, or whether the trustees should retain and accumulate it. It was held that the committee, in right of the daughter, was entitled to receive the surplus income because the effect of the will was to give the whole income to the daughter and hence that so much of it as it was not necessary to apply for her benefit, was her property freed from the trust provision. The court said : " If the daughter was of sound mind she would be entitled to have the income applied to her use by having it paid over to her as it accrues. Being of unsound mind, she is represented by her committee, who is entitled to have the accumulated income paid over to him." The opinion did not deal with or deny the right of the trustees to make the application to the use of the incompetent of so much of the income as might be necessary for her support and maintenance. It dealt only with the accumulated surplus income.

*Matter of McCormick* (*supra*) much more closely resembles the case with which we have to deal, because it involved a trust for the benefit of an infant. In that case one Eliot McCormick had by will given a share of his estate to two trustees for the benefit of a child with instructions to apply the net income to the support, education and maintenance of said child during infancy, and to pay over the principal to her when she came of age. He appointed his wife and the two trustees to be the child's guardian. Those three as guardians applied to the surrogate for an order authorizing the application for the support and education of the infant of a sum considerably less than the income from the trust fund, thus providing for the accumulation of a surplus. Such an order was made. Later the mother of the child claiming to be its sole guardian, as under the statute she was entitled to claim (See *Matter of Kellogg*, 187 N. Y. 355, 358), demanded that the whole accumulated income be paid over to her, and that thereafter the income as it accrued should be paid over to her. There she raised the same question which the appellant raises here. The court denied her application as to the accumulated income and the surplus thereafter to arise, holding that it was the right and duty of the trustees to apply to the use of the infant only so much of the income as was proper and necessary for her support, education and maintenance, holding the surplus, if any, to meet the growing needs of the infant or for such purposes as might thereafter justify its expenditures.

The distinction between the cases, as it seems to me is this that in the *Gasquet* case the surplus income became the absolute property of the adult *cestui que trust* and could not therefore be held under the trust, while in the *McCormick* case, as in this, the income never became the absolute property of the infant, but remained until her majority subject to the provisions of the instrument creating the trust, and trust funds of which the trustees retained the legal title. As the general guardian of an infant is entitled to receive only the property which belongs to the infant, it is not entitled to receive anything whether principal or income which belongs to the trustees.

That the plaintiff as trustee under the trust agreement is entitled, as between itself and the general guardian, to make

application of the income to the use of the infant is, I think clear, under the authorities. (*Fullerton* v. *Jackson,* 5 Johns. Ch. 278; *Jarvis* v. *Babcock,* 5 Barb. 139; *Leggett* v. *Perkins,* 2 N. Y. 297.) In the case last cited Judge BRONSON said: " Where the words of the statute are followed, and the trust is to receive and apply rents and profits, I have never yet met with any judge or lawyer who denied that the trustee had authority to make the application of the trust money." In the same case Judge GARDINER said: " It is believed that in all cases, before and since the statute, the rule is uniform, that the creator of the trust may direct specifically the performance of those things which the trustee, whose authority is derived from him, might himself perform, in the lawful execution of the trust, if no specific directions were given."

The true rule, as I conceive it, as to the duty of a trustee in a case like the present is thus stated in Perry on Trustees (Vol. 2, § 622): " It is the duty of trustees to accummulate all the income of a trust for infants which is not employed in maintenance and education, as before stated, whether a direction for such accumulation is contained in the instrument of trust or not."

The distinction I have endeavored to make clear was well expressed by Surrogate KETCHAM in *Matter of Connolly* (71 Misc. Rep. 389) as follows: " Where a testamentary trustee is imperatively directed to pay income to an infant, it should be paid in full to the general guardian, who in turn may apply it to the maintenance and education of his ward under the order of the court.

" But where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably." I attach no significance to the fact that the trust deed in the present case merely directs the trustee to apply the income " to the use " of the infant, and not to his " support, education and maintenance." The two phrases mean practically the same thing, the expression used in the present trust deed being, if

anything, the more comprehensive. That deed follows the language of the statute relating to real estate trusts. By the Revised Statutes (1 R. S. 728, § 55, subd. 3) such trusts were authorized for the "education and support, or either," of a beneficiary, but by Laws of 1830, chapter 320, section 10, that phrase was changed to the present form.* It has never, so far as I am aware, been considered that the change restricted or substantially altered the powers and duties of a trustee under such a trust.

In the present case the creator of the trust, who had a right to direct how the trust should be executed, designated plaintiff as the one to apply the income to the use of the infant *cestui qui trust,* and so long as the trustee retains its office it is its right and duty to comply with this direction.

The judgment appealed from should be affirmed, with costs to the plaintiff and the guardian *ad litem* payable out of the trust fund.

CLARKE, P. J., and SMITH, J., concurred; LAUGHLIN and PAGE, JJ., dissented.

PAGE, J. (dissenting):

The question involved in this appeal is whether under the provision of the deed it is the duty of the trustee to pay over the entire income of the trust fund created for the benefit of the infant to the general guardian, leaving the discretion as to what portion thereof shall be expended for the use of the infant in the guardian, or whether the discretion is reposed in the trustee by virtue of the deed to determine what portion shall be applied to the use of the said infant, in which case the trustee cannot be compelled to pay the entire income to the general guardian.

The majority of this court have determined that it was the intention of the grantor, as expressed in the deed of trust, that the discretion as to what portion of the income shall be "applied" to the use of the infant is reposed in the trustee, whose duty it is to attend personally to the expenditure of the

---

* See Real Prop. Law (Gen. Laws, chap. 46; Laws of 1896, chap. 547), § 76, subd. 3; now Real Prop. Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52), § 96, subd. 3.—[REP.

income and to the care of the infant. It has been repeatedly held that where a deed or will creating a trust has required a trustee to " apply " the income from trust funds " to the education and support of an infant " it becomes the duty of the trustee to make a personal application of the funds to the infant's needs for those specific purposes and to hold the accumulated surplus. The majority of the court rely upon one of these cases. (*Matter of McCormick*, 40 App. Div. 73; affd. without opinion, 163 N. Y. 551.) It seems to me, however, that the language of the instruments involved in these cases is clearly distinguishable from the language of the present deed of trust, in that, whereas in the cases relied upon there is an express direction for the trustee to apply the income for a specific purpose, namely, the education and support of the infant, in the case at bar the direction is merely a general one to apply the income to the use of the infant. The Court of Appeals has held in cases dissimilar in their facts to the case at bar that a direction to receive the income from trust property and pay it over to a beneficiary is equivalent to a direction to apply the income to the use of a beneficiary within the meaning of the Revised Statutes authorizing express trusts; or, in other words, that the two expressions are synonymous in their meaning. (*Moore* v. *Hegeman*, 72 N. Y. 376; *Leggett* v. *Perkins*, 2 id. 297. See 1 R. S. 728, § 55, subd. 3, as amd. by Laws of 1830, chap. 320, § 10; now Real Prop. Law [Gen. Laws, chap. 46; Laws of 1896, chap. 547], § 76, subd. 3; Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 96, subd. 3.) Following these cases it has been held by this court in the case of *Gasquet* v. *Pollock* (1 App. Div. 512; affd. on opinion below, 158 N. Y. 734) that a direction to a trustee to receive the interest, income and profits of a share of an estate and to " apply the same to the use " of the testatrix's daughter during her life was equivalent to a direction to pay over the entire income thereof to the daughter, and reposed no discretion in the trustee as to how the income should be expended. The court there said (at p. 513): "There was no discretion given the trustees to apply to her use a part only of the income, nor as much as her needs required, nor as much as, in the judgment of the trustees, she needed. The whole income was given to the daughter and she is entitled to

have it all.   The fair construction of the language used in the will is that the income shall be paid over as it accrues to the daughter."

The court proceeded to hold that as the daughter was of unsound mind and was represented by a committee of her person and property, the committee was entitled to have the income paid over to him.   That case, it seems to me, is not distinguishable in principle from the case at bar.   The language of the will is almost identical in its terms with the language of the present deed of trust, and the fact that the beneficiary in that case was an adult of unsound mind represented by a committee, whereas in the present case the beneficiary is an infant represented by a guardian, does not seem to me a valid ground of distinction. The real question was whether the direction to "apply the [income] to the use" of the beneficiary required the trustees to pay over the entire income and left no discretion in the trustees as to how it should be applied.   The status of the beneficiary has no bearing upon the meaning of the language, and the rule would apply as well to an infant as to an adult beneficiary. If the infant in the case at bar were of full age he would clearly be entitled to receive all of the income from the trustee, and being represented by his guardian, the guardian is entitled to receive the income and to apply it to the use of the infant in its discretion.

I think there is no force in the respondent's contention that the grantor, in selecting the trustee, must of necessity have intended that the trustee should use its discretion both as to the investment and care of the trust fund and of the maintenance and care of the infant.   Trustees are generally selected with a view to their ability in caring for and investing the trust property, and the qualifications which would fit a trustee for such a duty would not of necessity also fit him for the duty of guiding the destinies and shaping the life of an infant. Where these additional burdens are imposed upon the trustee it is customary for the instrument creating the trust expressly so to provide either by a direction to apply the income to the education, etc., of the beneficiary or by some other specific injunction with respect to how the money is to be applied. There is, in my opinion, no reason for imposing such duties

upon the trustee merely by virtue of a general direction to apply the income to the use of the beneficiary.

I think the decree should be modified in accordance with the foregoing.

LAUGHLIN, J., concurred.

Judgment affirmed, with costs to plaintiff and guardian payable out of the fund.