In the Matter of the Estate of GRACE L. SMIDT, Deceased.

Surrogate's Court, New York County, December 30, 1929.

*William C. Orr*, for the trustee.

*Davisson & Manice*, for the affiant.

*Harold Flatto*, special guardian.

O'BRIEN, S. The trustee is accounting for a trust created under the will of the testatrix for the benefit of Allen Campbell Smidt, who died on February 22, 1929. Under paragraph 11th of the will, upon the death of the life beneficiary, Allen Campbell Smidt, the

trustee was directed to divide the principal into as many shares as such son shall leave issue and descendants of deceased issue him surviving, and to pay over to each thereof who shall be over the age of twenty-one years the principal of one of such shares, " and to hold the share of such thereof as shall be minors until the persons for whom such shares shall be held shall, respectively, attain the age of twenty-one years, in the meantime using so much of the income as may be necessary for the support and maintenance of the one for whom such share shall be held, and accumulating the balance and to pay over the principal of such share, together with any accumulation of income thereon to the person for whom the said share shall be held on his or her arriving at the age of twenty-one years."

Testatrix's son, the life beneficiary, left him surviving two daughters and one son, all under the age of twenty-one. The general guardian of the persons of the infants, with whom they reside in Missouri, has filed a petition in this proceeding asking the court for an order authorizing the trustee hereunder to pay over to her as guardian of the persons of such infants any and all income which may be accumulated on the shares directed to be held in trust for them, and further, for the duration of each such share of said trust to pay over to her as guardian for the maintenance and support of each the income hereafter to accrue on each such share. The trustee objects to such an order on the ground that the guardian of the person has no standing in this court, because there was a guardian of the property of the infants appointed to whom the income should be paid.

The petition of the general guardian of the person must be dismissed. Under the terms of the will the trustee is vested with the discretion to use so much of the income as may be necessary for the support and maintenance of the infants. There is no direction in the will to pay such income to the infants. The duty devolves upon the trustee to apply the income for their benefit. There is a distinction between the direction in a will to pay the income of a trust to the infant, and to apply the income for his use and benefit or for his support, maintenance and education. In *Matter of Connolly* (71 Misc. 388, 389) the surrogate made clear the distinction in the following language: " Where a testamentary trustee is imperatively directed to pay income to an infant, it should be paid in full to the general guardian, who in turn may apply it to the maintenance and education of his ward under the order of the court. But where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either

the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably." This case was followed in *New York Trust Co. v. Black* (178 App. Div. 4; affd., 223 N. Y. 703). In the absence of any evidence, therefore, showing that the trustee is exercising its duty with respect to the application of the income for the benefit of the infants either perversely or unreasonably, no order directing the trustee as to the use of the income will be made at this time. Submit decree on notice settling the account accordingly.