In the Matter of the Estate of SARAH A. QUINLAN, Deceased.

Surrogate's Court, Kings County, May 3, 1933.

*Arthur J. X. Hines*, for the executors.

*Jacob H. Livingston*, special guardian.

WINGATE, S. The will at bar, after directing payment of debts and giving specific bequests of testatrix's clothing and household furniture to her daughter, gave the entire residue of her estate to her " executors and trustees " in trust " to receive the income thereof and to apply the net income, rents, issues and profits realized therefrom to the education, use, support and maintenance " of her daughter for life with remainders over.

The daughter is an infant and objections to the account have been interposed by her special guardian on two counts: *First*, to the allowance to the testamentary fiduciaries of commissions in two capacities, namely, as executors and also as trustees; and, *second*, to their payment over to the general guardian appointed for the infant of the income arising from the property in their hands.

It is obvious that the course adopted by the estate fiduciaries,

if approved, would result in a double exaction both from the principal and the income which the testator intended to dedicate for the benefit of his daughter; of principal, since it would permit the dual charge by the estate fiduciaries themselves; and income, because it would allow commissions thereon to them in the first instance, and to the guardian in the second.

Whereas the allowance of such double charges for the performance of what, in essence, constitute single services, may be tolerated in cases in which the testamentary intent to that end is clear, no presumption will be indulged that the testator desired thus to deplete the benefit dedicated to a minor dependent.

As this court had occasion to note in *Matter of Stewart* (140 Misc. 155, 157), the legislative policy appears clear that commissions to testamentary fiduciaries in dual capacities should be allowed only where the terms of the will make it entirely evident that a separation of duties was contemplated by the testator.

In the opinion of the court, the terms of this will fall clearly within subdivision 7-c of the rules deduced in *Matter of Abrahams* (136 Misc. 538, 545) and, in consequence, only single commissions on principal are payable to the testamentary fiduciaries, one-half of which may be deducted at the present time, but the balance only on the final payment over to those entitled to final possessory enjoyment of the principal. (*Matter of Jackson*, 138 Misc. 167; *Matter of Lite*, 142 id. 793; *Matter of Mart*, 139 id. 558; affd., 237 App. Div. 840.)

Turning now to the dual exaction on income, which the actions of the trustees would necessitate, it is apparent that the directions of the present will fall clearly within the language of the Appellate Division in *New York Trust Co.* v. *Black* (178 App. Div. 4; affd., 223 N. Y. 703).

The court there says (at p. 9): " In the present case the creator of the trust, who had a right to direct how the trust should be executed, designated plaintiff as the one to apply the income to the use of the infant *cestui qui trust*, and so long as the trustee retains its office it is its right and *duty* to comply with this direction." (Italics not in original.)

The Appellate Division, in the course of its opinion, quoted and approved the pertinent language of Surrogate KETCHAM in *Matter of Connolly* (71 Misc. 388, 389) as follows: " where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably."

Under the terms of the will at bar one of the duties imposed upon the executor trustees was to apply the income for the benefit of the infant and this duty should not be delegated to another, particularly where the result of such delegation would result in a double exaction by way of commissions upon the subject-matter of the gift.

The special guardian has signified his willingness to withdraw the second objection on condition that the general guardian file a waiver of commissions and an indemnity agreement to hold the infant's estate free from all expenses attendant upon the guardianship, and if this course be pursued the court will acquiesce in the arrangement. In default thereof, however, the accountants must be surcharged with all amounts paid to the general guardian except those which they may demonstrate have been properly expended for the benefit of the infant exclusive of any charges or expenses in connection with the guardianship.

Proceed accordingly.