In the Matter of the Estate of LILLIA M. BEARNS, Deceased.

Surrogate's Court, New York County, February 11, 1936.

*Mitchell, Taylor, Capron & Marsh [Edwin W. Cooney and Elmer J. Hoare* of counsel], for the accountant, City Bank Farmers Trust Company.

*Rabe, Keller & Davis [Leon Quat* of counsel], for the objectant.

FOLEY, S.   In this trustee's accounting of the City Bank Farmers Trust Company, a question arises as to the liability of the trustee for failure to give notice of an investment in a participation in a mortgage to the life tenant or to his general guardian.

The will provided for the creation of a trust of $5,000 for the benefit of the testatrix's nephew, Bertram Bearns.   Its terms directed the trustee " to apply the net income " to the use of the life tenant until he shall attain the age of twenty-five years, with a direction to pay over the principal to him at that time.   It appears from the account of June 3, 1930, that the trustee invested $5,200 of the trust funds in a participation interest in a certain bond and mortgage.   The mortgage has since been foreclosed and the investment is now represented by an interest in the corporation formed by the trust company which took over the real property. The legality of the mortgage is in question.   The sole dispute arose

as to whether a notice, under section 188, subdivision 7, of the Banking Law, was required to be given by the terms of that statute and under the language of the will to the general guardian of the infant or to the infant after he attains his majority. The investment was made, as stated, on June 3, 1930. The infant became of age on July 29, 1930, a period of less than two months after the investment was made. The trust had originally been set up on November 27, 1925. On April 2, 1926, a general guardian of the property of the infant was duly appointed at the request of the trustee, although not required under the terms of the will. It is important that the language of the instrument directed the trustee to *apply* the income to the use of the *cestui*. Section 188, subdivision 7, of the Banking Law provides, in the case of investments of trust funds in a part interest in a bond or mortgage, that the corporate fiduciary " shall promptly notify each person of full age and sound mind entitled to the income therefrom of the fact that such investment has been made." The trustee contends that under this language and the provisions of the will, having full and complete authority to apply the income, it was not required to give notice to the guardian.

The former infant, who has since attained the age of twenty-five years, fixed in the will as the event terminating the trust, contends, on the other hand, that the guardian was the person " entitled to the income " and that the failure to give notice to the general guardian made the investment illegal and constituted a ground of surcharge for the funds invested in the participation. Such failure to give notice to an adult beneficiary has been held to make the representative liable for the original amount invested in the participation in two recent cases in this State. Surrogate SLATER of Westchester county, in a very careful and logical opinion in *Matter of Peene* (155 Misc. 155), reached that conclusion and the Appellate Division, Fourth Department, in *Matter of Roche* (245 App. Div. 192), likewise surcharged a trustee for the failure to give the statutory notice.

In the present proceeding, because of the peculiar terms of the will and, particularly, the direction to apply the income, I hold that the statutory notice was not required to be given to the general guardian. The section required that notice of the investment need not be given where the person entitled to the income is an infant or an incompetent. While it is not material here, if the trust provision was in a simple and ordinary form of a direction to pay over the income rather than to apply it, it would appear to be the plain intent of the Legislature that notice should be given to the person legally entitled to receive the income, either the general guardian of the infant beneficiary or the committee of

an incompetent beneficiary. Certainly, the Legislature did not intend to protect adult *cestuis* by a prompt notification and leave the special wards of the courts without the safeguard of notice to their legal representatives, who are the persons in law entitled to receive the income.

The problem here, however, turns upon the status of a trustee authorized to apply the income of a trust to an infant. Two decisions of the Appellate Division respectively of the First and Second Departments have ·dealt with this question and have, in effect, determined that a trustee appointed by an instrument to apply the income to an infant is entitled to withhold the income during minority and cannot be compelled, under ordinary circumstances, to pay over the entire income to the general guardian of the infant. (*New York Trust Co.* v. *Black*, 178 App. Div. 4; affd., 223 N. Y. 703; *Matter of McCormick*, 40 App. Div. 73. See, also, *Matter of Connolly*, 71 Misc. 388.) A direction " to apply " the income vests discretion in the trustee. A direction " to pay " the income requires the turning over of the full amount of such income to the general guardian to be applied to the maintenance, education and support of his ward. In *New York Trust Co.* v. *Black* (*supra*) the concluding sentence is significant, for there the court said in reference to the direction in the will for the application of the income to the infant *cestui* that " so long as the trustee retains its office it is its right and duty to comply with this direction."

Since the general guardian in the pending proceeding was, therefore, not legally entitled to receive the income, notice was not required to be given by the trustee at the time of the investment in the participation. The situation in this regard is somewhat similar to that recently decided by the Appellate Division, First Department, in *Matter of Frame* (245 App. Div. 675) where it was held that the executors, who had invested in a participation, were not required to give notice, since they were entitled to receive the income until the distribution of the estate.

I further hold that the provisions of section 188, subdivision 7, of the Banking Law do not require the corporate trustee to give notice to the beneficiary when he attained his majority approximately two months after the original investment was made. The condition at the time of the making of the investment is the test, and the statute does not contemplate notice where there is a subsequent change in status, either months or years after the investment has been made.

Submit decree on notice dismissing the objections to the account and settling the account accordingly.