## In the Matter of the Estate of Stewart B. Wells, Deceased.

Surrogate's Court, Westchester County, December 2, 1937.

*Robert P. Smith,* for the substituted trustee.

*Peter W. Quinn,* special guardian.

SHEILS, S. The substituted trustee has requested a construction of the will of this decedent and particularly that portion thereof which reads as follows:

" *Thirteenth.* I authorize my said Executors to use any part or all of the principal and accumulations of any one of said equal parts of said trust funds for the support of any one of said beneficiaries if in their opinion it would be advisable to do so."

The testatrix was a widow. Her will was admitted to probate on September 8, 1922, and letters testamentary were issued to Elizabeth W. Davis and Wilmore Anway, the executors named therein. They were also named as trustees. The executors accounted and on January 9, 1925, a decree was duly made and entered judicially settling their accounts. Thereafter, they accounted as trustees and a decree was entered on June 11, 1930, judicially settling their accounts, permitting them to resign, and appointing the First National Bank and Trust Company of Port Chester as successor trustee.

In paragraph tenth of her will, the testatrix gave her residuary estate to her executors in trust and directed them to divide the same into as many equal parts as she had grandchildren living at the time of her death and to invest and keep invested each of said equal parts in such securities as they in their discretion considered proper, and to accumulate the income arising from each of said equal parts and to pay over one of said equal parts *and the accumu-*

*lations thereto*, to each one of her grandchildren when he or she arrived at the age of twenty-one years. (Italics mine.) She further provided that, in the event any one of her grandchildren should die before arriving at the age of twenty-one years, one equal part *and its accumulations* should go to such of her grandchildren as may then be living. (Italics mine.)

Paragraph thirteenth authorizes the use by the executor of any part or all of the principal and *accumulations* of any one of said equal parts of said trust funds for the support of any one of the beneficiaries, if in the opinion of the executors it is advisable to do so.

Paragraph thirteenth is, in my opinion, unambiguous and requires no construction except in so far as the word " accumulations " is concerned. What did the testatrix mean when she said that the executors could use " the principal and accumulations? " The word " accumulations " is defined as " increase by continuous or repeated additions." (Funk & Wagnalls New Standard Dict.) Taken literally, the word may be construed as meaning either the profit accruing upon the sale of the principal assets or the increase derived from their investment, or both. I think the testatrix intended the word " accumulations " to mean the *income* upon the shares set apart in trust for her grandchildren. This intention becomes more apparent when we study the phraseology used in the tenth and eleventh paragraphs of the will, the only portions of the will which throw light upon the subject. In the tenth paragraph the executors are directed to divide the residue and invest and accumulate the *income* and upon the arrival of each grandchild at the age of twenty-one years " to pay over *one of said equal parts and the accumulations thereto.*" (Italics mine.) In the eleventh paragraph she again uses the words " one equal part and its accumulations." In the thirteenth paragraph she again uses the words " principal and accumulations."

The scheme of the testatrix undoubtedly was that her grandchildren should receive their share of her estate, plus its accumulations, only when and if each arrived at the age of twenty-one years. However, she had the foresight to provide for the possibility that one or more of her grandchildren, during minority, might require funds for their support and maintenance. This event might well happen through the death or ill fortune of the parents of the child. Hence, she authorized her executors (or trustees), in paragraph thirteenth of the will, " if in their opinion it would be advisable to do so," to use any part or all of the principal and accumulations of any one of said equal parts for the *support* of any one of her said grandchildren.

The will is construed, therefore, as authorizing the trustee, in its discretion, to use any part or all of the principal and the income accruing or accrued thereon upon the share held in trust for Elizabeth Louise Davis for her *support*.

The word " support " is deemed a word of general welfare. Anything requisite to the housing, feeding, clothing, health, proper recreation, vacation, traveling expense, is proper, keeping in view the social family relationship and the *quantum* of the income. (2 Jessup-Redfield, p. 2199.) The words " support " and " maintenance " are synonymous terms. They import the welfare of the body, while the word " education " imports the cultivation of the mind. " To support " is not to educate, although in many cases, as between parent and child, support also includes the expenses of education.

Under section 194 of the Surrogate's Court Act, a guardian of an infant's person or property or other interested person may petition the court for an allowance for the support and education of an infant and the surrogate may make an order granting a suitable allowance out of income or, where the income is inadequate for that purpose, out of principal. But this provision for an invasion of principal is not applicable to a trust. (*Matter of Kaufman*, 113 Misc. 202.)

Section 17 of the Personal Property Law provides that " When a minor, for whose benefit a valid accumulation of the income of personal property has been directed, shall be destitute of other sufficient means of support or education, the Supreme Court, at Special Term in any case, or, if such accumulation shall have been directed by a will, the Surrogate's Court of the county in which such will shall have been admitted to probate, may, on the application of such minor or his guardian, cause a suitable sum to be taken from the moneys accumulated or directed to be accumulated, to be applied for the support or education of such minor."

Under this section, allowances may be made out of accumulations of income only for the support or education of a minor.

On July 21, 1930, an order was made directing the substituted trustee to pay the sum of $2,500 to Elizabeth W. Davis, as general guardian of this minor, each year, out of the income of said trust fund, commencing July 1, 1930, and to continue thereafter until further order of the court. The substituted trustee has, in this proceeding, applied for an order modifying the order of July 21, 1930, so as to permit it to pay the educational expenses of said minor and to pay the excess income derived from said trust to the general guardian of said minor until further order of the court.

Decedent's will provides for the application of the principal and

accumulations of the trust fund for the *support* of the beneficiary. Under the provisions of section 17 of the Personal Property Law, above quoted, an order may be made directing that *accumulated income* be applied for the *support or education* of a minor.

The language of paragraph thirteenth of the will imports an intention on the part of the testatrix that the principal of the trust fund and its accumulations be *applied by the trustee* for the support of the beneficiary thereof. This being the case, no order of this court is necessary in so far as the moneys may be needed for *support*. The will itself is ample authority for the use of the trust fund and accumulations for this purpose. " Where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably." (*Matter of Connolly,* 71 Misc. 388, 389; *New York Trust Co.* v. *Black,* 178 App. Div. 4; affd., 223 N. Y. 703; *Matter of Smidt,* 135 Misc. 578.)

The order of July 21, 1930, will be modified by striking out all provision for the payment of the income or accumulations derived from this trust to the general guardian and granting authority to the trustee to *apply* accumulated income for the educational purposes of this minor.

Submit decree, on notice to special guardian in accordance herewith.