In the Matter of the Estate of MORRIS WEINSTEIN, Deceased.

Surrogate's Court, New York County, October 23, 1940.

438

*Miller, Bretzfelder & Boardman* [*Bertram Boardman* and *Rose Greenberg* of counsel], for the trustee, petitioner.

*Wilzin & Halperin* [*Solomon Granett* of counsel], for Marcy Dolgenas Shapiro and Ruth Dolgenas Perlmutter, respondents.

*Aaron E. Koota,* for Annabelle Opler Koota, Mortimer Opler and Ascher Opler, respondents.

*Metcalf, Giles & Allen* [*Irving S. Giles* of counsel], for Miriam Berman Brecher and Rochelle Berman Gudeon, respondents.

*Michael M. Platzman,* for Frieda H. Weinstein, as general guardian.

FOLEY, S. A question of construction is raised preliminarily in this trustee's accounting. By his will the testator directed that his residuary estate be divided into five equal shares and that each share be held in trust. He made separate gifts of one-fifth of the income from each of these trusts to a nephew and each of three nieces. In each instance the income is given " one-fifth (1/5th) to my niece " (or nephew).

The income from the remaining share of the residuary estate is disposed of in the following language: " The remaining one-fifth (1/5) of said income, I give to Rachael and Gittel Doelgenas, the children of my deceased niece, Sadie Doelgenas, daughter of my brother Sam Weinstein, such income to be applied by my trustees for their education, maintenance and support for and during the term of their minority."

The Doelgenas children survived the testator and have now attained the age of twenty-one. The will does not dispose of the principal of the one-fifth share of the residuary estate, the income from which is devoted to the Doelgenas children. The will does provide that if a nephew, niece or grandniece should predecease the testator, the principal of his or her share should be paid to the issue of such income beneficiary. There is a further provision that the principal should be withheld from the issue until they attain majority. The will then provides that on the death of a nephew or niece, the one-fifth share so held in trust should be paid to the issue of such nephew or niece to be held, however, by the executors and trustees during the minority of such issue.

It thus appears that, intentionally or through inadvertence,

the testator has failed to specifically provide for a gift of the one-fifth of the residuary estate devoted to the Doelgenas children.

These children contend that there is a gift by implication to them of the principal of one-fifth of the residuary estate upon attaining their majority. This argument for the most part is based upon the dispositive plan of the testator to devote income to favored nephews and nieces and principal to the issue of a favored nephew or niece, such principal to be held, however, during the minority of a grand-nephew or grandniece. While this is the general testamentary plan of the testator, the language of this will is insufficient to support a gift by implication of the principal to these children upon their attaining majority. (*Matter of Winburn*, 265 N. Y. 366; *Central Union Trust Co.* v. *Trimble*, 255 id. 88; *Dreyer* v. *Reisman*, 202 id. 476; *Matter of Kane*, 161 Misc. 767; affd., 251 App. Div. 710.) Generally speaking gifts by implication are not favored, unless the testator's intention to make such a gift is so readily ascertained that no other reasonable inference is possible. An intention to make an absolute gift of the principal to these children upon their attaining majority is not the only reasonable inference that can be drawn from the language employed by the testator. While this may have been his intention, he has failed to adequately express it or to furnish a basis for the court to imply the gift.

The next of kin of the testator contend that this one-fifth of the residuary estate passes as intestate property.

There is a further possible construction which has been proposed but not stressed.

The law is well settled that a gift of income without limitation as to time and without a specific gift of the principal, vests the principal in the named income beneficiary. (*Matter of Tuck*, 165 Misc. 359; affd., 256 App. Div. 971; affd., 281 N. Y. 697; *Cammann* v. *Bailey*, 210 id. 19; *Matter of Sackett*, 210 App. Div. 58; *Hatch* v. *Bassett*, 52 N. Y. 359.)

The language of the will making the gift of income to the Doelgenas children must be construed as making an absolute gift of one-fifth of the income of the residuary estate to them. The language employed in making the gift to them is similar to that employed by the testator in bequeathing income to the nephew and the nieces. The subsequent provision that such income is to be applied by the trustees for the education, maintenance and support of these children during their minority in no way affects the absolute nature of the gift of the income to them. This direction to withhold payment from infants during minority recurs throughout the will. Obviously the testator or the draftsman of the will was familiar with the distinction between a trust " to pay " income to an infant |

and a trust " to apply " income for the benefit of an infant. (*New York Trust Co.* v. *Black*, 178 App. Div. 4; affd., 223 N. Y. 703; *Matter of McCormick*, 40 App. Div. 73; *Matter of Wells*, 165 Misc. 385; *Matter of Rosenthal*, 155 id. 295; *Matter of Connolly*, 71 id. 388.) A direction " to apply " income for the benefit of an infant is usually employed as a convenience to avoid the necessity of the appointment of a general guardian of the infant beneficiary or legatee.

Thus the testator has provided for an unqualified gift of the income to the Doelgenas children without any limitation as to time. The will makes no disposition whatsoever of the principal of one-fifth of the residuary estate. I accordingly hold that the gift of income carries with it a gift of the principal under the well-settled rule set forth above. (*Matter of Tuck, supra; Cammann* v. *Bailey, supra; Matter of Sackett, supra; Hatch* v. *Bassett, supra.*)

The construction adopted by the surrogate under which the Doelgenas children succeed to the principal of one-fifth of the residuary estate is in accord with the general testamentary plan of the testator. In addition, this construction preserves equality among the nephews and nieces and their issue selected by the testator as the objects of his bounty. Such a construction is favored. (*Matter of Harden*, 177 App. Div. 831; *Matter of Stutzer*, 156 Misc. 684; *Matter of Milhau*, 151 id. 283.) This construction also is favored as its adoption avoids intestacy. (*Matter of Hayes*, 263 N. Y. 219; *Waterman* v. *New York Life Ins. & Trust Co.*, 237 id. 293; *Matter of Ossman* v. *Von Roemer*, 221 id. 381; *Matter of Benton*, 244 App. Div. 56; affd., 269 N. Y. 579.)

My prior decision in this matter (N. Y. L. J. July 10, 1940, p. 73) fixed November 1, 1940, as the date on which objections to the supplemental account must be filed. All of the remaining issues raised in this proceeding will be placed on my calendar for a hearing after the date for final submission of objections. The usual notice of the date of such hearing will be published by the surrogate.