ESTATE OF CAROLYN J. CLEMENT, DECEASED, NORMAN P. CLEMENT, HAROLD T. CLEMENT, AND STUART H. CLEMENT, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12521. Promulgated July 13, 1949.

*Daniel G. Yorkey, Esq.,* for the petitioners.
*Thomas R. Charshee, Esq.,* for the respondent.

20

**OPINION.**

HILL, *Judge*: Trustees of the testamentary trust of Stephen M. Clement made payments out of trust corpus totaling $202,500 to decedent, Carolyn J. Clement, during the years from 1919 through 1939. She in turn paid the trust a total of $163,500 over the period from 1920 through 1941. The sole question for our determination is whether the assignees of the surviving trustees of the Stephen M. Clement trust had a valid claim for the balance of $39,000 against decedent's estate which the latter might deduct under section 812 (b) of the code in computing its estate tax. By the express language of this statute, in order for a claim against an estate to be deductible under section 812 (b) it must be allowed by the laws of the jurisdiction under which the estate is being administered. In the instant case the law of New York controls the validity of the claim.

Respondent contends the surviving trustees had no valid claim against decedent's estate because the sums paid out of the trust corpus

to decedent constituted authorized invasions of principal which decedent was in no way obligated to repay. Petitioners, on the other hand, argue that all these payments were unauthorized loans of trust principal, and that the trustees had the right to recover the $39,000 balance of these advances from decedent's estate under New York law.

We agree with petitioners' contentions. The terms of the Stephen M. Clement trust negate the possibility that the total of $202,500 paid out of trust corpus to Carolyn Clement constituted authorized invasions of corpus. Respondent concedes that all payments to decedent from trust principal were used by her exclusively for charitable donations. Paragraph fourth of Stephen M. Clement's will, setting up the trust, does not expressly authorize the use of the trust res by Carolyn Clement for this purpose. But respondent argues that giving away money was a part of decedent's comfortable living, and thus that authority for these payments out of corpus to her may be implied from the language of paragraph fourth of the will empowering her to invade the trust corpus where necessary for her "comfortable maintenance." We can not adopt such a strained construction of the language in paragraph fourth of the will. That paragraph expresses the trustor's intent to make adequate provision for his wife for her life, even to the point of invading principal if the income should prove insufficient for her to maintain her customary mode of living. Yet it is plain from the detailed provisions for the trust remaindermen that the testator also desired that the trust principal unneeded by his wife for this specific purpose pass to his children and their issue. Her power of invasion was not a blank check permitting her to use such funds to gratify her wish to make charitable gifts, but was merely added insurance that she herself would not want for the comforts of life.

Furthermore, respondent's interpretation of paragraph fourth is not sustained by the courts of New York, whose decisions are controlling in the construction of Stephen M. Clement's will. See *Freuler* v. *Helvering*, 291 U.S. 35; *Blair* v. *Commissioner*, 300 U.S. 5. In the case of *In re Smith's Will*, 11 N.Y.S. (2d) 945, 948, where a mother gave her daughter a life interest in her estate, with the right to invade the principal of the estate for her support and maintenance as in her sole discretion she deemed necessary, the court characterized her right to the principal in the following words:

* * * the right of use or consumption of the principal by the beneficiary is not absolute * * * the right to consume must be exercised fairly, honestly, and in good faith for the use and benefit of the beneficiary and in such manner as not in bad faith to divert the principal of the estate or portions thereof from the beneficiaries of the testatrix, and all within the limitations set forth in the will.

In *Terry* v. *St. Stephen's Protestant Episcopal Church,* 79 App. Div. 527; 81 N.Y.S. 119, the testator created a trust giving his wife the right to the income therefrom for life and the further right to use so much of the principal of the trust as she saw fit. Despite this broad language, the court held she had no power to set up a trust of the corpus for the purpose of giving it to a church. The court said in part, at page 121:

* * * The provisions for the widow were undoubtedly intended for her personal benefit during her life. I fail to find in the will any evidence of any intention on the part of the testator to constitute the widow the almoner of his bounty, or give her power to create a trust for that purpose. His limitation of her power to her lifetime is indicative of a contrary intention. He designed to fully provide for his wife, but he expected there would be a remainder at her death. * * *

See also *In re Bullock's Estate,* 54 N.Y.S. (2d) 33; *In re Becker's Will,* 31 N.Y.S. (2d) 482; and *In re Wells' Will,* 300 N.Y.S. 1075. Thus it is apparent that in the instant case the payments from trust corpus to decedent were not invasions of trust principal authorized by the terms of the trust.

The evidence convinces us that all the payments to Carolyn Clement out of the corpus of the Stephen M. Clement trust constituted loans. Both the managing trustee, Norman P. Clement, and decedent at all times regarded the payments to her from trust corpus to be loans which she was under a duty to repay. Pursuant to such understanding, decedent actually repaid, and thereby restored to the trust corpus, such advances to the extent of $163,500 in twenty-three separate payments during the years from 1920 through 1941. The evidence does not support respondent's hypothesis that her payments to the trust were voluntary or, in effect, gifts from decedent to the trust.

We are not persuaded by respondent's arguments opposing the conclusion that the trustees loaned the $202,500 received by Carolyn Clement out of the trust corpus. While it is true that the language of the Stephen M. Clement trust does not expressly or impliedly authorize the trustees to make loans out of the trust res to decedent, yet this does not serve to overcome Norman P. Clement's express intent to lend his mother these sums from the trust corpus or her intent to receive them as loans. Norman P. Clement readily admitted that he was not authorized to do so under the terms of the trust, but he felt he could assume the responsibility because he was not only managing executor and trustee under Stephen Clement's will, but also he handled decedent's financial affairs under a power of attorney from her and was named as an executor in her will. He testified that he knew that, if the loans were not repaid in her lifetime, there were ample assets in her estate to make good the debt. Respondent correctly points out there were no notes or written agreements evidencing that

the payments from corpus were loans, yet written evidence is not essential to the establishment of a valid loan. Respondent contends the release by Carolyn Clement of her power to invade the corpus of the trust in 1943 constitutes an admission that she had previously invaded it. We think that other and weightier evidence in the record negatives this conclusion. Clear evidence that during the last years of her life she continued to acknowledge her indebtedness to the trust for the balance of payments out of the trust principal to her offsets the fact she made no payments to the trust after 1941, though she lived until December 1943. This failure on her part is explained by the reduction in trust income and the added expenses of her illness during those two years which left her little, if any, funds after her personal needs were satisfied.

Respondent places special emphasis upon the trustees' descriptions of the payments from the trust res to Carolyn Clement in their accounts filed in 1921, 1922, and 1923 as indications that these sums were not loans. Respondent points out that in those records the payments are stated to be advances out of principal to meet decedent's necessary expenses or needs as provided in the will. It is true that the accounts referred to contain the language indicated, but, in our opinion, they are contradicted and outweighed by other evidence pointing to the conclusion that all the payments were loans. We note that in the years 1921, 1922, and 1923 Carolyn Clement paid the trust a total of $29,000, a strong indication that payments to her out of corpus in that period were loans. Respondent concedes that all funds decedent received from the trust res were used exclusively for charitable gifts and not for necessary expenses or to meet her personal needs, as stated in the early accounts. In later accounts the trustees noted that decedent had made reductions in her indebtedness to the trust on account of advances to her, thus denominating the transactions as loans. In later accounts they also computed the balance of her indebtedness based upon all prior payments of corpus to her and all her previous payments to the trust, thus showing that no distinction was intended between earlier and later payments to her out of trust corpus, but that all such advances were loans.

Thus we found as a fact that the total of $202,500 paid out of the trust corpus to decedent constituted loans by the trustees, notwithstanding the lack of authority therefor. It is clear that under New York law a trustee may recover unauthorized loans paid to a beneficiary out of trust principal, and, therefore, the surviving trustees of the Stephen M. Clement trust had a valid claim to recover the balance of $39,000 from Carolyn Clement. See *Moss* v. *Cohen*, 158 N.Y. 240; 53 N.E. 8; *In re Jones' Estate*, 280 N.Y.S. 521; *In re Peters' Estate*, 72 N.Y.S. (2d) 583, and Surrogate's Court Act, sec. 267.

The fact that the trustees never filed a formal claim for this amount against decedent's estate did not prejudice their right of recovery. *De Planter* v. *De Kryger*, 190 N.Y.S. 861, 862, and *O'Brien* v. *O'Brien*, 16 N.Y.S. (2d) 799, 802. Actually the personal representatives of decedent were aware of her indebtedness to the Stephen M. Clement trust, for she carried the balance of payments from the trust corpus over her payments to the trust as a debt on her accounts at all times.

Respondent does not deny that such a right of recovery against Carolyn Clement would survive her and be enforceable against her estate or that there was a valid assignment of this claim by the surviving trustees to the remaindermen under the Stephen M. Clement trust. We therefore hold that the assignees of the surviving trustees had a valid claim against decedent's estate for $39,000, which was deductible in computing its Federal estate tax under section 812 (b) of the code.

*Decision will be entered under Rule 50.*