S. Samuel Di Palco, S.
The court holds that under the terms of paragraph ‘ ‘ Second ’ ’ of the will testator’s daughter Eleanor is excluded in the division of the bequest of women’s jewelry made to the surviving daughters. It is conceded that at the death of the testator she was an adjudged incompetent and no claim is made that since that time her condition has improved to a point where she may be considered sufficiently competent to take care of her affairs. The appointment of a committee to manage her estate is not a substitute for the condition imposed by the will.
Payment of the fixed amounts provided in paragraph “Third” of the will for testator’s sisters and one of his daughters, as increased by the codicil, is to be made out of the net income for the executorial period prior to the setting up of the trusts. Principal may be invaded if necessary to make such payments. If there is any balance of such net income after making the fixed payments, it is to be distributed among the life beneficiaries of the six trusts in such manner that all of the income beneficiaries will receive if possible an equal share or be brought to as near equality with the fixed payments as is possible. The whole scheme of the trusts created by the will is to treat the six beneficiaries as equals so far as income is concerned. Any preference to the recipients of the fixed payments pending the setting up of the trusts, if indeed it will eventually be found to be such, is simply to insure their support until the trusts are set up. At that time they will receive only the income from their respective trusts, the same as the other beneficiaries.
The trustees under the will have the duty of applying so much of the income of Eleanor’s trust as they may deem necessary for her proper maintenance and welfare and they have the duty of disbursing such funds and they cannot avoid that *49 responsibility by making payment to a committee. (New York Trust Co. v. Black, 178 App. Div. 4, affd. 223 N. Y. 703; Matter of Connolly, 71 Misc. 388; Matter of Smidt, 135 Misc. 578: Matter of Garson, 161 Misc. 720; Matter of Quinlan, 147 Misc. 483; Matter of Rosenthal, 155 Misc. 295; Matter of Wieler, 128 N. Y. S. 2d 465.)
The court holds that the trustees have the duty under the will of determining the amount of the net income of the trust for Eleanor necessary for her proper maintenance and welfare as long as she continues to be an adjudged incompetent and that they shall pay such sums to testator’s sister Stefanie to be applied by her as she shall determine for the physical care and control of Eleanor. The committee of Eleanor is not entitled to receive any of the income from this estate.
Petitioners are permitted by the will to invest Fund A in the legal investments specified in section 21 of the Personal Property Law (subd. 1, pars. [a]-[m]) including up to 35% of nonlegals specified.
The power given by the will to invest Fund B in the specified securities is permissive and not mandatory and the words “ in any or all ’ ’ are construed to mean ‘ ‘ in any one, or more or all ’ ’ of the designated securities. Once Fund A and B are set up it will not be necessary to maintain these funds in constant balance and once the Funds are properly established the ratio is made and thereafter ignored.
The power given to invest in the designated securities also includes the power to invest in the stock of any of the companies into which said companies may have merged or became absorbed or stock received under a plan of reorganization. Each such case of course rests on its own merits, and the substituted stock must be in substantially the same corporations and in substantially the same business.
In view of the direction that separate trusts be set up for each beneficiary and the language in many places indicating that separate trusts were intended, separate Funds “A” and “B” are required for each trust. The will authorizes the trustees to hold and retain any part of the estate in any trust created thereby in the forms in which the same may be at the time of death. They may allocate such retained assets to Fund “ A ” when the trusts are set up and such original assets must if they are not qualified by section 21 (subd. 1, pars, [a][i]) be considered as section 21 (subd. 1, par. [m]) investments for the purpose of making any reinvestments in Fund “ A ”.
Submit decree on notice construing the will accordingly.