Maximilian Moss, S.
Incidental to the judicial settlement of an account, the special guardian of the infant beneficiary of a testamentary trust created under article 1‘ seventh ’ ’ of the will seeks to determine if “ the principal of the said trust fund should be paid, at this time, to the general guardian of said infant.”
The testatrix, under article ‘ ‘ fourth ’ ’ of the will, divided her residuary estate into six shares and bequeathed one such share to each of her five named children and directed that a sixth share be held in trust for a granddaughter. The “ seventh ” article directs one half of the trust fund for the said granddaughter to be paid to her on attaining 25 years of age, or on her marriage, whichever event first occurs. The trustees were further authorized and empowered “ to pay the whole or any part of the remainder * * * at such time and
in such installments and manner as to the said trustees may seem proper and for the benefit of my dear grand-daughter ”. The provision further authorizes the application of income for college or university tuition fees and withdrawals of ‘ ‘ any further sum required for said tuition fees.”
The dominant purpose of the article was obviously to confer complete discretionary powers as to the amounts to be paid out of one half of the principal of the trust to the named granddaughter. The court will not interfere with a proper exercise of such powers where the will vests discretion in the trustees
*341 to apply income or invade principal (Matter of Connolly, 71 Misc. 388; New York, Trust Co. v. Black, 178 App. Div. 4, affd. 223 N. Y. 703; Matter of Hayden, 172 Misc. 669; Matter of Brettell, 176 Misc. 872).