## In the Matter of the Will of MARTIN BIEDERMAN, Deceased.

Surrogate's Court, New York County, June 22, 1945.

*Max Lazarus* and *Joseph Cohn* for Olga Biederman, as executrix, petitioner.

*Jesse S. Sunshine* for Thomas F. Burchill and another, committee of Hermine Biederman, an incompetent, respondent.

*Jerome Vale,* special guardian of James B. Biederman and another, infants, respondents.

FOLEY, S. In the prior decision of the Surrogate (*Matter of Biederman,* N. Y. L. J., May 25, 1945, p. 2002, col. 5) there

was reserved for determination upon the settlement of the decree, the questions involving the attempted appointment of guardians of the infant children of the testator and the issues incidental thereto. Those questions are now ready for disposition.

In the ninth paragraph of the will the testator appointed his second wife, Olga Biederman, the guardian of his two children. In the event of her refusal or inability to act, a friend, Dr. Sidney T. Friedman, was appointed their guardian. The first wife of the testator, the mother of the children, is still living. She has been adjudicated an incompetent.

The petitioner, Olga Biederman, contends that the persons named in the will are donees of a power in trust and that in such capacity they have all the powers of a general guardian including the right to take over and hold substantial assets of the infants not passing under the will of this testator.

The attempted appointment of testamentary guardians was abortive and ineffectual since the mother of the children is still living. (Domestic Relations Law, § 81; *Matter of Kellogg*, 187 N. Y. 355; *People ex rel. Beaudoin* v. *Beaudoin*, 126 App. Div. 505.) The attempt to appoint a guardian, while ineffectual as an appointment of a testamentary guardian, operates to constitute such person as the donee of a power in trust of the property passing under the will. (*Matter of Kellogg, supra; Matter of Johnson*, 133 Misc. 431; *Matter of Baechler*, 121 Misc. 691, affd. 215 App. Div. 797; *Matter of Baumann*, 113 Misc. 630; *Matter of Dobbs*, 133 Misc. 90.)

The Surrogate holds that the power in trust relates only to property passing under the will of the testator. This result is clearly evident from a consideration of the reasoning under which such persons are held donees of a power in trust. As Chief Judge CULLEN said in *Matter of Kellogg* (187 N. Y. 355, 358–359, *supra*): '' While the testator could not say who should have the custody and control of the property of his infant children generally, he had entire power to say who should have the custody and control during their respective minorities *of that part of his property that he chose to give to them.*'' (Italics mine.)

The basis of the rule which regards an ineffectual appointment of a testamentary guardian as the creation of a power in trust, is that the testator could have given title to the minors and created a valid power in trust for the control and management of the fund. He could have said that the persons named **were** to have the same care, custody and control over the prop-

erty that a guardian would have. Such a provision would have created a valid power in trust. (*Matter of Kellogg, supra,* p. 359; *Blanchard* v. *Blanchard,* 4 Hun 287, affd. 70 N. Y. 615.) Where he attempts to appoint a testamentary guardian, the courts regard him as having intended to say that the persons named were to have the same powers as a guardian. This, of course, can relate only to property passing under the will.

Section 194-a of the Surrogate's Court Act did not change the substantive law in the slightest degree. It provides: '' The donee of a valid power in trust which results from an ineffectual attempt by will or deed to appoint the donee as guardian shall be subject to the provisions of this article if under the power he is authorized to receive, manage and disburse the property of an infant. In respect of *such property* such person shall have all the rights and duties of a general guardian.'' (Italics mine.)

The purpose of this statute, as clearly expressed in the explanatory note printed with the legislative bill, was to give the Surrogate's Court express jurisdiction over persons administering infants' funds under a power in trust and to place such fiduciaries under the same supervision and subject to the same duties and responsibilities as a general guardian. The statute was intended to protect the funds of the infant and not to extend the powers of the fiduciary.

The petitioner will qualify only as to the daughter of the testator. The alternate donee will qualify as to the son. Upon their respective qualifications pursuant to section 194-a of the Surrogate's Court Act, Olga Biederman will be authorized to act as the donee of a power in trust over the property passing under the will to the infant, Ruth Biederman, and Dr. Sidney T. Friedman will be authorized to act as the donee of a power in trust over the property passing under the will to the infant, James Biederman.

In respect of the property of the infants other than property passing to them under the will of this testator, a separate application is directed to be made in the regular course for the appointment of a guardian for each of the infants.

Supplemental decree construing will signed accordingly.