In the Matter of the Construction of the Will of YOHANNESSIANTZ SOUREN, Deceased.

Surrogate's Court, Queens County, September 12, 1950.

*Louis Kaplan* for Nerses Bedrosian, petitioner.

*Richard K. Gregory* for Wilhelmina Souren, as trustee under the will of Yohannessiantz Souren, deceased, respondent.

*Vincent Yardum,* special guardian for Ralph Souren, an infant.

SAVARESE, S. This is a proceeding to construe the will of Yohannessiantz Souren who died on October 6, 1949, leaving a will dated September 5, 1949, which was admitted to probate in this court on January 26, 1950. On the following day letters testamentary and of trusteeship were issued to testator's widow, Wilhelmina Souren, and his friend, Nerses Bedrosian. The

latter has instituted this proceeding to determine the legal effect of the clause in the will which purports to nominate him as testamentary guardian of an infant known as Ralph Souren. Paragraph " Tenth " of the will reads as follows: " I hereby nominate my friend, Nerses Bedrosian, the testamentary guardian of Rafael Valentine Guitirasse, also known as Ralph Souren, and direct that no bond or other security shall be required of him for the performance of his duties as such guardian.''

Although the infant was taken into the legal custody of the testator and his wife on August 22, 1946, and remains under the tutelage of the latter to the present time, he was not the child of the testator nor did the testator ever adopt him. He will not attain his majority until October 7, 1952.

There is no dispute that petitioner's nomination as testamentary guardian is void because the testator was not a parent of the infant. (Domestic Relations Law, § 81; *Matter of Kellogg,* 187 N. Y. 355, 358; *Matter of Fraser,* 59 N. Y. S. 2d 736.) Petitioner correctly contends that it nevertheless operates to constitute him the donee of a valid power in trust authorizing him to receive, manage, and disburse all property of the infant passing under the will. (*Matter of Kellogg, supra; Matter of Biederman,* 186 Misc. 625, and cases therein cited; *Matter of Fraser, supra; Matter of Weisz,* 59 N. Y. S. 2d 738; *Matter of Kennedy,* 62 N. Y. S. 2d 499, 510.) This result is reached even though the duties of the purported guardian are not expressly defined in the will. (See, for example, *Matter of Cahill,* 160 Misc. 607, and *Matter of Dobbs,* 133 Misc. 90.) Respondent widow contends that the enactment of section 194-a of the Surrogate's Court Act (L. 1942, ch. 794) now requires the will to spell out the donee's duties to create a valid power in trust. The statute reads as follows: " The donee of a valid power in trust which results from an ineffectual attempt by will or deed to appoint the donee as guardian shall be subject to the provisions of this article if under the power he is authorized to receive, manage and disburse the property of an infant. In respect of such property such person shall have all the rights and duties of a general guardian.''

This statute was intended merely to codify in part the existing case law and render such donees subject to the jurisdiction of the Surrogate. (See legislative note subjoined to L. 1942, ch. 794.) " Section 194-a * * * did not change the substantive law in the slightest degree." (*Matter of Biederman, supra,* p. 627.) The phrase in the statute beginning with the word

"if" did not limit the situations wherein a power in trust is created. It was intended to render the donee subject to judicial supervision if he is to receive the funds of an infant, as distinguished from merely having a power over funds in the hands of another or where the beneficiary of the power is an adult. It is therefore held that petitioner is the donee of a valid power in trust.

Respondent widow makes the further contention, however, that the trustees under the will may, in their discretion, pay over nothing to the donee of the power in trust. The court agrees, although not for the reasons advanced by the widow. The relevant portions of the will provide as follows:

"Sixth: All the rest, residue and remainder of my estate, of whatsoever kind and nature, and wheresoever situated, of which I may die seized or possessed, I direct my executors hereinafter named, or the survivor of them, to divide into two (2) parts which I give, devise and bequeath to my Trustees hereinafter named, and their successors and survivors, In Trust Nevertheless, to have and to hold such property as follows: * * *

"(B) The other part, consisting of one-third (⅓rd) of the residue of my estate, to hold, manage, invest and reinvest in the manner hereinafter specified and to collect the income thereof and to pay over such income or portion of such income, monthly, or at other regular and convenient intervals, as they in their sole discretion deem necessary or desirable for the support, maintenance and education of Rafael Valentine Guitirasse, also known as Ralph Souren, who has been in my custody since 1946, during his minority, and to hold, manage, invest and reinvest, and accumulate any balance of said net income for his benefit until he shall have attained majority. When the said income beneficiary shall attain majority, the trustees shall pay over to him absolutely all accumulated income then held by them, and thereafter shall pay over to him the net income of the trust until he shall have attained the age of twenty-five (25) years. When the aforesaid beneficiary shall attain the age of twenty-five (25) years, the trustees shall pay over to him absolutely the principal of the said trust or the sum of Ten Thousand ($10,000.) Dollars, whichever is less. Thereafter, the trustees shall pay over to the aforesaid income beneficiary the net income of the remaining trust fund until he shall have attained the age of thirty (30) years, when the trustees shall pay over to him absolutely the remaining trust estate.

"a) The trustees shall have the full power and authority to make payment of principal to, or apply payments of principal for, the benefit of the income beneficiary, at such time and in such amounts, as said trustees, in their uncontrolled discretion, shall consider necessary or desirable for the maintenance, education, support and welfare of the income beneficiary.

"b) These provisions are intended primarily as a means of affording financial assistance to the said Rafael Valentine Guitirasse, also known as Ralph Souren, to assist him during the period of his education, or in setting up in business, or at the time of his marriage, but this enumeration is to serve only as a guide and shall not be construed to restrict the discretionary powers conferred upon the trustees."

The trustees cannot, as the widow urges, decide to accumulate income while applying principal for the support of the infant and thereby circumvent payment to the donee of the power in trust. The trustees are under a duty to the remaindermen to preserve the corpus for their benefit and to use it for the infant only if the income is insufficient for the purposes specified.

It is well settled that where a will directs the trustee to pay income to a beneficiary the latter has an absolute right to receive it which is enforcible by his committee or guardian if he is under a legal disability. (*Matter of Bearns,* 251 App. Div. 222, affd. 276 N. Y. 590; *Gasquet* v. *Pollock,* 1 App. Div. 512, affd. 158 N. Y. 734.) On the other hand, where the direction is to apply income to the use of the beneficiary the trustee must exercise its own discretion in disbursing funds and it cannot avoid that responsibility by making payment to a committee, guardian, or donee of a power in trust. (*New York Trust Co.* v. *Black,* 178 App. Div. 4, affd. 223 N. Y. 703; *Matter of McCormick,* 40 App. Div. 73, affd. 163 N. Y. 551; *Matter of Connolly,* 71 Misc. 388; see *Matter of Leeds,* 23 N. Y. S. 2d 679, 694.) Whether the trustee is to "pay" or "apply" depends on the intention of the testator. A direction to "apply" income may even be construed to require payment directly to the beneficiary. (*Matter of Bearns, supra.*) A trust to "pay over" income to a beneficiary is valid within section 96 of the Real Property Law authorizing trusts to "apply" income because payment of the income to the beneficiary is an application thereof. (*Leggett* v. *Perkins,* 2 N. Y. 297; *Moore* v. *Hegeman,* 72 N. Y. 376.) Here, although the testator used the words "to pay over", he did not direct the trustees "to pay over" *to* the infant. Rather he directed them "to pay over such income or portion of such income  *  *  *  *for* the support, mainte-

nance and education of '' the beneficiary. (Emphasis supplied.) In addition, he expressly conferred discretion upon the trustees to determine the amount of income to be paid out, the payment intervals, and the specific purposes for which the funds are to be used. It would be unreasonably circuitous and expensive for the trustees to make payment of the amounts they deem '' necessary or desirable '' to the donee of the power in trust who in turn would have to pay them out for the use of the infant. This is especially so because the donee is one of the two trustees and the widow, who has the sole custody of the infant, is the other. Both acting jointly need make but one decision concerning the use of income or principal. It is held that the trustees are fully authorized under the terms of the will to apply income and principal to the use of the beneficiary. Payment to the petitioner in his capacity as donee of the power in trust is therefore unnecessary.

Submit decree construing the will accordingly.