John D. Bennett, S.
The propounded instrument will be admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law and that at the time of its execution the decedent was of sound mind and free from restraint.
A construction of paragraph Fourth of the will is also sought. Paragraph Fourth reads as follows: “ I hereby nominate, constitute and appoint as executor of this my last will and testament and as guardian of the property of my daughter Phyllis A. Roy if she be under the age of twenty-one years at the time of my death, my sister Mary Elizabeth Weeks of 281 Mott Avenue, Inwood, Nassau County, New York; or in the event that she shall decline to act, or shall predecease me, or for any cause whatsoever fail to act then I nominate, constitute and appoint Thomas A. Litsch of Freeport, New York, as executor and guardian in her place instead. It is my will and I direct that neither Mary Elizabeth Weeks nor Thomas A. Litsch shall be required to furnish a bond for the faithful performance of her or his duties in any jurisdiction, any provision of law notwithstanding. ’ ’
Mary Elizabeth Weeks, sister of the decedent, filed a renunciation as executor and guardian and Thomas A. Litsch, the named alternate executor and guardian, now petitions. The father of the infant is still alive. The petitioner’s nomination as testamentary guardian is therefore void. Section 81 of the Domestic Relations Law restricts to the surviving parent the authority to appoint a testamentary guardian. The effect of such a designation (Matter of Kellogg, 187 N. Y. 355) is to create a valid power in trust and to constitute the petitioner the donee of such power. At page 358 the court said: ‘1 While the testator could not say who should have the custody and control of the property of his infant children generally, he had entire power to say who should have the custody and control during their respective minorities of that part of his property that he chose to give to them. He might have created a trust in her favor during the minority of each child, in which case the legal title during the trust term would be in the trustee. He was not, however, bound to adopt that course. He could leave the title in the minors and create a power in trust for the *993 control and management of the fund. A power may be created for any lawful purpose and to do any act which the grantor might himself do (Real Property Law, sec. 111; Belmont v. O’Brien, 12 N. Y. 394; Downing v. Marshall, 23 N. Y. 366), and the statute equally applies to powers over personality. (Cutting v. Cutting, 86 N. Y. 522.) Therefore, had the testator instead of appointing the appellants guardians of his children with the direction ‘ that all funds and securities belonging to each of my children shall be received, held and paid out by them jointly as said guardians,’ said in express terms, ‘ I direct said persons to have the same care, custody and control during their minority over the property I give my children that a guardian would have,’ it would have created a valid power in trust (Blanchard v. Blanchard, 4 Hun 287; affd., 70 N. Y. 615), and to my mind he has said substantially the very same thing.” (See, also, Matter of Souren, 199 Misc. 583; Matter of Keyser, 113 N. Y. S. 2d 419, 423; Matter of Whiting, 134 N. Y. S. 2d 422; Matter of Thomas, 120 N. Y. S. 2d 844; Matter of Garfunkel, 71 N. Y. S. 2d 693, 695; Matter of Bauman, 113 Misc. 630; Matter of Biederman, 186 Misc. 625; Matter of Fraser, 59 N. Y. S. 2d 736.)
The will is therefore construed so as to constitute the petitioner as the donee of a power in trust as to the property passing under the will. In respect to such property, he shall have all the rights and duties of a general guardian and he may accordingly so qualify. The special guardian’s fee is fixed in the amount requested, payable out of the estate.
Submit decree on notice.