John D. Bennett, S.
The principal issue on this judicial settlement of the trustees ’ account relates to the construction requested by the petitioners that the donees of powers in trust created under the will be deemed “ trustees ” for the purpose of determining their compensation so that their commissions would be computed pursuant to section 285-a of the Surrogate’s Court Act.
The court is unable to agree with the view urged by the petitioners, and determines that their compensation will be measured by section 285 rather than 285-a of the Surrogate’s Court Act.
The testator in article Seventh of the will created a trust of the residue of her estate measured first by the life of her husband. Upon his death the principal of the trust was to be divided into four parts, three of which were to be paid to a son and two daughters. The fourth (which is $50,000 greater in value than the other parts) was to be held in trust for the life of a son, Francis C. E. Hitchcock. Upon his death the will provides that the principal be paid to this son’s issue. However, the will further provides as follows: “ If upon the death of my said son Francis C. E. Hitchcock or upon my death if he shall predecease me, any lawful issue of said Francis G. E. Hitchcock entitled under any of the provisions of this Will to the principal of any distributive share or trust fund, or any part thereof, shall be less than twenty-one years of age, the same shall thereupon vest in such minor absolutely notwithstanding such minority, but during such minority such share shall remain in the care and custody and be administered by my Trustees hereinafter named, who, for the purposes of administration shall have all the powers, authority and discretion granted to them as Trustees hereunder, and during such minority they shall collect all of the income upon such share and apply same *395 for the suitable support, maintenance and education of such lawful issue of my said son Francis C. E. Hitchcock, in such manner as they shall deem best and in their absolute discretion, and upon any such lawful issue of my said son attaining the age of twenty-one years my said Trustees shall pay over and deliver to such lawful issue of my said son Francis C. E. Hitchcock, the principal of said share to which such issue is entitled.” (Italics supplied.)
The son, Francis 0. E. Hitchcock, died on January 3, 1957 leaving one son over the age of 21 and three minor children. The petitioners rely, in the .quoted paragraph of the will, on the use of the word ‘1 trustees ’ ’ as indicative of their status and on the fact that the powers in trust are created by the will and not as the result of an ineffectual attempt to appoint a general guardian for an infant when one of the parents survived (see Domestic Relations Law, § 81; Surrogate’s Ct. Act, § 194-a; Matter of Kellogg, 187 N. Y. 355; Matter of Souren, 199 Misc. 583; Matter of Keyser, 113 N. Y. S. 2d 419, 423; Matter of Whiting, 134 N. Y. S. 2d 422; Matter of Thomas, 120 N. Y. S. 2d 844; Matter of Garfunkel, 71 N. Y. S. 2d 693, 695; Matter of Baumann, 113 Misc. 630; Matter of Biederman, 186 Misc. 625; Matter of Fraser, 59 N. Y. S. 2d 736; Matter of Roy, Nassau County Surrogate’s Ct., July 2, 1957). This distinction the petitioners emphasize by quoting from Dodge and Sullivan on Estate Administration and Accounting (1950 Supp., pp. 117-119): “ Powers in trust. Only parents can appoint a guardian for their child and where one parent attempts by his will to appoint a third person as guardian while the other parent is alive the attempted appointment of the testamentary guardian is invalid (unless the surviving parent be an adjudicated incompetent) but it operates to constitute the appointed person the donee of a power in trust of the property passing under the will. The authority of the donee, however, is limited to the property passing under the will. (Domestic Relations Law, Section 81; Matter of Biederman 186 Misc. 625; Matter of Kellogg, 187 N. Y. 355; Matter of Johnson 133 Misc. 431; Matter of Weisz, 59 N. Y. S. 2d 738.)
“A donee of such a power in trust is akin to a guardian — as a matter of fact his appointment as a donee of a power in trust results from the fact that the testator attempted to appoint him guardian. In order to regulate the authority and duties of such a donee Section 194-a of the Surrogate’s Court Act was enacted effective September 1, 1942. This section provides that where there is an ineffectual attempt by will or deed to appoint a person the guardian for an infant, such person is subject to *396 the provisions of Article 10 of the Surrogate’s Court Act, if he is authorized under the power to manage the property of the infant. As such he receives Letters of Guardianship, must account annually, receives the same commissions as a guardian, is limited to legal investments and may use no funds for the support, maintenance or education of the infant without prior court order.
“A situation which appears at first to be similar, but which in fact is quite different is the appointment by will of a donee of a power in trust. Quite frequently a testator will wish to bequeath property under a will to an infant either as an outright legacy or as a remainder interest in a trust. He may wish Ais estate held during the life of his wife and children with the principal on their deaths payable to his grandchildren. The appointment of a donee of a power in trust of these remainder interests is quite effective if these remaindermen are infants. Usually the donee of the power in trust will be the same person as the trustee and the will should provide that the donee is to have all the powers, rights and authorities granted to the trustee under the will. There will in such cases be no necessity to appoint a guardian for this property. The donee of the power will not be subject to Section 194-a or Article 10 of the Surrogate’s Court Act; he will receive a Certificate as Donee of a Power in Trust; he may apply funds for the support, maintenance and education of the infant without court order; no bond or annual accounting will be required; and the donee will not be restricted in investments if that is what the testator wishes. The interest of the infant will of course be vested after the deaths of the life beneficiaries so that if the infant should thereater die before his majority the property would pass by his will or to his distributees. See Matter of Newman, New York Law Journal, December 20, 1945, page 1811 where the Surrogate held that the provisions of the will constituted an effective appointment of a donee of a power in trust and that the property should be paid to the donee. See also Matter of Whelan, New York Law Journal, April 25, 1949, page 1475.”
The difficulty with the petitioners’ argument is that it is tangential and does not attack the precise question involved. Beference to section 285-a indicates quite clearly that commissions under the section, as it now reads, are payable to £ £ trustees under wills ”.
The definition of testamentary trustee ’ ’ is found in subdivision 6 of section 314 of the Surrogate’s Court Act, and refers to a person designated by will££ to execute a trust created by a will”. Subdivision 6 of section 314 reads: ££ The expression, *397 ‘ testamentary trustee, ’ includes every person, except an executor, an administrator with the will annexed, or a guardian, who is designated by a will, or by any competent authority, to execute a trust created by a will; and it includes such an executor or administrator, where he is acting in the execution of a trust created by the will, which is separable from Ms functions as executor or administrator.”
The word “ trustees ” used in the will in the paragraph quoted identifies particular individuals as donees of the powers in trust rather than denominating them trustees as defined by subdivision 6 of section 314. (Cf. Matter of Butman, N. Y. L. J., June 12, 1957, p. 6, col 8, where “ administrator c.t.a.” deemed to be “ testamentary trustee ”.) For section 285-a to apply, the existence of a trust is required. The entire scheme of the testator would be frustrated if it were now determined that the trust continued during the minority of the children of Francis O. E. Hitchcock. TMs would quite obviously violate the rule against perpetuities. Accordingly the testator provided that the trust would terminate upon the death of Francis 0. E. Hitchcock. No trust now exists. In the absence of a trust, “ trustees ” within the meaning of sections 285-a and 314 (subd. 6) do not exist. Citations supplied by the petitioners emphasize that the trusts under the will terminated and that powers in trust only now remain. (Cf. Matter of Whiting, 134 N. Y. S. 2d 422, 423, supra:1 ‘ It is not true that a power in trust arises only in the case of an ineffectual appointment of a testamentary guardian as urged by petitioner or where a person not named as fiduciary is given the custody of property vested in another. Here, to repeat, the trust has terminated, and title no longer exists in the trustee. It will be required to qualify as the donee of a power in trust”. Similarly in Matter of Whelan, N. Y. L. J., April 25, 1949, p. 1475, col. 5, the court said that there had been created “ a power in trust rather than a trust, with legal title to such shares vested absolutely in the respective minors. Such an intention is not inconsistent with the direction that the possession and custody of such shares be retained by the trustee during the minority of such infants ”.)
It is apparent therefore that the compensation of the donee of the powers will be determined by section 285, rather than section 285-a.
The only other matter in dispute relates to payment of the special guardian’s compensation which the court determines in its discretion will be paid out of the general estate. The amount of the special guardian’s fee will be inserted in the decree.
*398 The account will be settled as filed. The petitioners will receive “ certificates as donees of powers in trust ” (see quotation from Dodge and Sullivan, Estate Administration and Accounting [supra]). Under the circumstances “letters of trusteeship under the powers in trust ” are not appropriate.
The additional incidental relief requested in the petition is granted.
Submit decree in accordance with this decision on notice.