Joseph A. Cox, S.
The attempted appointment of testamentary guardians is ineffective because the mother of the infant is living (Domestic Relations Law, § 81), but the ineffective attempt to appoint the guardians constitutes them as donees of powers in trust (Matter of Kellogg, 187 N. Y. 355; Matter of Biederman, 186 Misc. 625; Matter of Thomas, 120 N. Y. S. 2d 844). Their powers are limited to the property passing under the will of this testator. (Matter of Biederman, supra.) They have, within such limits, all of the powers and authority, and they are subject to all of the duties and responsibilities of guardians of the property. (Matter of Biederman, supra, p. 627; Surrogate’s Ct. Act, § 194-a.)
The petition asks, in the alternative, whether the petitioners are constituted donees of a power in trust over the infant’s property or whether they are constituted trustees of the property of the infant during his minority. In the construction herein-above made the court has answered the only questions presented by the petition. The petition does not ask the court to define the respective rights and duties of the testamentary trustees and of the donees of the powers in trust. The will names the same persons as testamentary trustees and as testamentary guardians. Note should be made of the fact that the fourth paragraph of the will instructs the trustees ‘ ‘ to apply so much of the net income thereof as my Trustees, in their sole and absolute discretion, may deem necessary and appropriate to the care, maintenance, support and education of my son, * * * and to accumulate any balance of said net income for the benefit of my said son, until he shall attain the age of twenty-one (21) years and thereupon to pay over to him any accumulated net income The construction of the will in respect of the powers in trust, must not b.e understood as implying that either the decisions cited above or section 194-a of the Surrogate’s Court Act clothe the donees with powers or authority that are explicitly given by the will to another. Properly speaking, the petitioners are not trustees of the infant’s property during his minority; they are trustees under the will of this testator, for the term stated in the will, and with all of the powers and discretion granted to them in the will. There are numerous decisions which define the duties and responsibilities of trustees who are directed to apply income to the support of an infant. (Moore v. Hegemon, 72 N. Y. 376, 384; Matter of McCormick, 40 App. Div. 73; New York Trust Co. v. Black, 178 App. Div. 4, affd. 223 N. Y. 703; Matter of Garson, 161 Misc. 720, 723; Matter of Welwood, 88 N. Y. S. 2d 882, 884; Matter of Souren, 199 Misc. 583, 587; Matter of Connolly, 71 *999 Misc. 388; Matter of Smidt, 135 Misc. 578; Matter of Quinlan, 147 Misc. 483, 484; Matter of Rosenthal, 155 Misc. 295, 298; see, also, Matter of Beams, 251 App. Div. 222, affd. 276 N. Y. 590.) The fact that the same persons are both trustees and donees does not justify them in ignoring the difference between the two separate functions, particularly as rights or interests hereafter asserted may depend upon the status in which they hold funds.
Submit decree on notice construing the will accordingly.