Maximilian Moss, S.
Under paragraph “ Eighth ” of his will testator created a residuary trust for the primary benefit of his widow, and upon its termination gave, devised and bequeathed the principal of the trust fund then remaining to the issue of his named son in equal shares, per stirpes. Paragraph ‘1 Eleventh ’ ’ reads: “In the event that upon the distribution of my estate, any part or share shall fall to a minor beneficiary, I direct that my trustees shall retain such part of share and continue to hold and manage the same for the benefit of such infant until he or she shall have attained majority.” The trust has terminated by the widow’s death. The trust remainder accordingly has vested equally in the four children of testator’s son, now deceased, of whom two are infants.
In this proceeding to settle judicially the account of the trustee and the executors of the deceased cotrustee, and the account *556 of petitioner as donee of the power in trust under the quoted paragraph, petitioner trust company requests construction of the will as to the infants’ funds held by it as such donee. Specifically, the court is required to determine whether petitioner as donee must hold principal and income until the two infants attain their majority respectively, or is required to pay over the principal as well as income to their mother who is also their general guardian, or pay to the general guardian from time to time such sums of money as the mother as general guardian establishes to be necessary for support, maintenance and education of the infants.
The court agrees with petitioner and the special guardian that paragraph “Eleventh” created a power in trust of the remainder shares of the two infants (Real Property Law, art. 5; Matter of Babbage, 201 Misc. 750; Matter of Hitchcock, 9 Misc 2d 393). Under its terms, the Chase Manhattan Bank as the sole trustee became a donee of a power in trust of the infants’ funds. The only question is the power of the court to authorize and direct the donee to pay income and, if necessary, to invade principal for the support, maintenance and education of the infants.
The infants have title to the funds entrusted to the donee of the power. The latter shall ‘1 hold and manage the same for the benefit of such infant,” subject, of course, to control of the court (Surrogate’s Ct. Act, § 40; Matter of Howland, 37 Misc. 114, revd. on other grounds 75 App. Div. 207; Matter of Babbage, 201 Misc. 750, supra). The above word “benefit” implies use and enjoyment. It appears that the infants herein require enjoyment of their property now. In the case of a trust the statute provides for anticipation of income in favor of a person who “ shall be destitute of other sufficient means of support or education” (Personal Property Law, § 17; Real Property Law, § 62). The trend is to grant equitable relief for infants under similar circumstances (2 Scott, Trusts [2d ed.], § 168; Miner Equitable Belief for Minor Beneficiaries, 38 Ill. L. Rev. 233), and certainly here where the funds are the property of the infants without intervening interests.
The court concludes that petitioner, as donee of the power in trust over the remainder shares of the infants, has the power and duty and is hereby granted leave to apply or to pay over to their mother as general guardian from time to time the income of their shares and, if insufficient, the necessary principal for their support, maintenance and education, upon being satisfied of their reasonable needs therefor, taking into consideration their other sources of income and those of their mother who is *557 primarily liable for their support. Upon the same basis, petitioner may reimburse the general guardian for past expenditures on their behalf. The will is construed accordingly. The application of the attorney for the general guardian for an allowance for his legal services and disbursements pursuant to section 278 of the Surrogate’s Court Act in connection with this proceeding to be paid out of the trust estate will be considered upon submission of the decree, without prejudice to an application for compensation for other services, if any, to the infants payable out of their estates.