Samuel J. Silverman, S.
In this accounting by a trustee of a testamentary trust, it appears that all intervening life estates have now fallen in and the estate now belongs to the remainder-men. Decedent’s will directed that if any of the remaindermen should be under the age of 21 at the time that they would otherwise be entitled to the possession of the estate, the share of such infant should be vested in the infant absolutely ‘1 in the care of my Trustee ” until the infant arrives at the age of 21, when the principal should be paid over to the infant, and that the income from such share should meanwhile be paid over to the trustee for the use, maintenance and education of the infant during the infant’s minority.
One of the remaindermen is still an infant.
The court holds that the trustee is the donee of an express power during minority to manage the property of said infant.
The will directs that í ‘ my said Executor and Trustee ’ ’ is authorized to invest in securities other than those authorized by law for the investment of trust funds. The trustee requests a construction that the trustee, as such donee, has the power to invest the property of the infant in securities other than those legal for trust funds. The court so construes the will and so holds. To the extent that Matter of Shulman (138 N. Y. S. 2d 646 [Surrogate’s Ct., N. Y. County, 1954]) is inconsistent with this construction, I respectfully disagree with Matter of Shulman and decline to follow it. The account is settled.