Millard L. Midoxick, S.
On the settlement- of this account the report of the guardian ad litem raised objections and questions in respect of the construction of the will. The parties were requested to submit memoranda thereon. In article Third of his will there is a bequest of one fifth of the estate to each of four named relatives. All of them are living. In article Fourth the decedent bequeathed one third of the remaining one fifth of the estate or one fifteenth each, to or for the benefit of a grandnephew and two grandnieces. All three are living. With respect to the dispositions to his grandnephew and grandnieces the decedent says: ‘ ‘ For these purposes I hereby appoint Viola Dedox, as trustee for the minors, Johx and Doxxa, as well as guardian -over their person and their property.” Donna at this time is an infant. In article Fifth the decedent bequeathed the rest, residue and remainder of his estate to Viola Dedon, his sister-in-law. Viola Dedon is also named as executrix and trustee. The entire estate was thus effectively bequeathed in articles Third and Fourth of the will. Article Sixth provides for lapsed legacies. There are none. Whatever was decedent’s purpose in article Fifth of the will, there is nothing that falls within it under the circumstances which have come to pass.
The guardian questions whether the bequests to minors were made under language effective to create valid trusts. It is the decision of this court that the gift of the residuary to infants does not create an active trust and that the gifts must be construed as absolute (Jacoby v. Jacoby, 188 N. Y. 124; Matter of Wildenburg, 174 Misc. 503, 511). John having attained his majority, his gift may be paid to him. The share of the infant Donna will be retained by the accounting party as a donee under a power in trust. Her appointment as testamentary guardian is ineffectual because this infant has a living parent who is not alleged or proved to be unfit or incompetent (cf. Domestic Relations Law, § 81; SOPA 1701; Matter of Neeley, 64 Misc 2d 419). An ineffectual attempt to appoint a guardian results in a power to manage during minority the property vested in the infant (SCPA 1714).
There remain for disposition objections by the guardian ad litem in respect of the valuation of certain assets and the failure *1014 to include a bank account amounting to $43,000 as an asset of the estate subject to probate. This account was found by the taxing authorities to be a transfer made to the sister-in-law in contemplation of death, and, therefore, subject to tax.
These objections will be heard before me on the 10th day of March at 10:30 o’clock in the forenoon.