George E. Severson, S.
In this proceeding to judicially settle its final account, the executor requests permission to distribute the residuary share of a former infant, presently 18 years of age, directly to him despite the following language of the will: "Should all or any part of the income or principal of my estate or any of the trusts created by my Will become payable pursuant to the provisions of my Will to a person who, at the time for payment is a minor, such property shall vest absolutely in such minor, but my Executor or Trustee, as the case may be, shall continue to hold the said property during the minorities of such minors, and collect the income therefrom and pay over and apply such part of such income or of such principal, as it, in its discretion, may deem necessary for the support, maintenance, education, comfort or advancement of such minor, and invest and reinvest the same prop *494 erty and any accumulated income, exercising all the powers granted to it in this Paragraph of my Will and shall pay over the said property and accumulated income to the person for whom it is held, upon such minor attaining the age of twenty-one years, or if such minor shall die before attaining the age of twenty-one years, then to the personal representative of the minor so dying.”
At the time of the will’s execution on November 7, 1969, the legatee was 12. Upon the return of the citation on October 22, 1974 he was 17 and a guardian ad litem was appointed for him. This guardian objected to payment of the share to the infant prior to his 21st birthday. All other persons interested have no objection to present payment direct to the former infant. The guardian ad litem’s functions ceased when his ward attained the age of 18 years on February 6, 1975, but his objections were well taken.
The sweeping changes in New York law relating to minority left a grey area in cases as here, where a testator used words such as "during minority” or "reaching the age of majority” in the same paragraphs as was definite reference made to age "21”. The door was left ajar for attempts to construe wills of this type as to the time for payment, which could only add to the expense of the administration of the estate.
In two reported cases, Matter of Church (N.Y.L.J., Feb. 10, 1975, p 15, col 5) and Matter of Freborn (N.Y.L.J., June 13, 1975, p 16, col 1) it was held that where the will expressly provided that a legacy be held until the legatee reaches age 21, the will provision must be given effect; this despite the use and interplay of words such as "minority” and "age of majority” as found in the will interpreted in Matter of Church. The language in Church is almost identical to that used in this case.
Subsequent to the decisions in the above-cited cases, chapter 262 of the Laws of 1975 was enacted (new EPTL 2-1.10) effective June 24, 1975, providing in subdivision (a): "Unless the creator expressly provides to the contrary, in any instrument executed prior to September first, nineteen hundred seventy-four, the words 'minor’, 'minority’, 'infant’, 'infancy’, 'majority’, 'adult’ and words of like import shall mean or refer to a person or a class of persons under the age of twenty-one years or who shall have reached such age, according to the context, and, unless otherwise expressly provided in any instrument executed on or after September first, nineteen hun *495 dred seventy-four shall mean or refer to a person or a class of persons under the age of eighteen years or who shall have reached such age, according to the context, except that any designation of a testamentary guardian of a 'minor’ or an 'infant’ shall refer to a guardianship of a person who has not reached the age of eighteen years, regardless of the date of the instrument containing the designation.”
The reasoning of the above cases and the language of the new section compel denial of the request for present direct payment to the legatee. His share shall be held and managed by the corporate trustee as provided in the will until he attains his 21st birthday.
There being no other questions raised for determination the account is approved.