Lawrence E. Kahn, S.
This proceeding involves a petition for a determination as to the validity, construction and effect of the appointment of a testamentary guardian under the will of the decedent, Benita MacGowan. The petitioner in this proceeding is the testamentary guardian who was appointed pursuant to that will.
Decedent died on December 1, 1970, and letters of administration c. t. a. were issued to petitioner on April 13, 1971. The will, which was executed October 22, 1963 was a joint will of decedent and her husband who had predeceased her.
The will, in paragraph Second, provided: "all of our prop *306 erty, of every name, nature and kind, and wheresoever situate, shall be divided equally, between our two children, share and share alike, and we do hereby appoint our son, John Charles, to be legal guardian of our minor daughter, Benita Catherine, until she shall attain the age of twenty-one years.” (Emphasis added.)
Petitioner qualified and was appointed guardian of the person and property of his sister May 18, 1971. His term as guardian of the person of his sister ended prior to her attaining age 21 pursuant to SCPA 1707 (subd 2) on February 27, 1976 when his sister married. At that time SCPA 1707 (subd 2) provided: "The term of office of a guardian so appointed expires when the infant attains his majority. The term of office of a guardian of the person of a woman expires upon her marriage.”
That section has since been amended and now provides "that the term of office of a guardian of the person of an infant expires upon the infant’s marriage prior to obtaining majority.”
Petitioner seeks a construction of paragraph Second of decedent’s will to determine how long the guardianship of her property must continue. He contends that the designation of the specific age, "21” in paragraph Second was merely an expression that petitioner was to serve until his sister reached majority, rather than to age 21. Petitioner points out that when the will was executed, the age of majority was 21. By virtue of legislation enacted in 1974, (L 1974, ch 647) the age of majority was reduced to 18. Therefore, petitioner requests that the will language with regard to the term of the guardianship be construed to mean that such guardianship shall end upon attaining the present age of majority 18, rather than 21.
As noted in Matter of Firth (83 Misc 2d 493, 494): "The sweeping changes in New York law relating to minority left a grey area in cases as here, where testator used words such as 'during minority’ or 'reaching the age of majority’ in the same paragraphs as was definite reference made to age '21’. The door was left ajar for attempts to construe wills of this type as to the time for payment, which could only add to the expense of the administration of the estate.”
The door left ajar resulted in two cases, Matter of Church (NYLJ, Feb. 10, 1975, p 15, col 5) and Matter of Freborn (NYLJ, June 13, 1975, p 16, col 1).
As noted in Firth (supra) both of these cases held that *307 where the will expressly stated that a legacy would be held until the legatee reaches age 21, then the legacy would be paid over at 21. In those cases, the words "minority” and "age of majority” were both used, in addition to the explicit reference to age 21.
To resolve these issues the Legislature enacted chapter 262 of the Laws of 1975. This chapter was made effective June 24, 1975 and added EPTL 2-1.10 which provides:
"§ 2-1.10 Provisions relating to infants and minors.
"(a) Unless the creator expressly provides to the contrary, in any instrument executed prior to September first, nineteen hundred seventy-four, the words 'minor’, 'minority’, 'infant’, 'infancy’, 'majority’, 'adult’ and words of like import shall mean or refer to a person or a class of persons under the ages of twenty-one years or who shall have reached such age, according to the context, and, unless otherwise expressly provided in any instrument executed on or after September first, nineteen hundred and seventy-four shall mean or refer to a person or a class of persons under the age of eighteen years or who shall have reached such age, according to the context, except that any designation of a testamentary guardian of a 'minor’ or an 'infant’ shall refer to a guardianship of a person who has not reached the age of eighteen years, regardless of the date of the instrument containing the designation.
"(b) This act shall not apply to distributions made subsequent to September first, nineteen hundred seventy-four and prior to the effective date of this act.”
As such, the reasoning of Church (supra) and Freborn (supra) was affirmed by this new section. These cases and this section were cited as decisive in Matter of Firth (supra). The court in Firth stated that in light of EPTL 2-1.10, the will provision specifying 21 must be given effect and the corporate trustee was to hold and manage the money until the minor reached the age of 21.
In the present case, the will was executed on October 22, 1963. The will in paragraph Second appointed petitioner guardian of the "minor” daughter "until she shall attain the age of twenty-one years.” The same rules which were held controlling in the above-cited cases and in EPTL 2-1.10 are controlling in this case as well.
Therefore, this court must hold that the petitioner shall *308 remain the guardián of the property of Benita Catherine MacGowan until she reaches the age of 21.