OPINION OF THE COURT
John D. Bennett, J.
James Harkins, the sole surviving executor, requests an order authorizing him to pay one half of the residuary estate bequeathed to testator’s infant daughter Tara of approximately $62,100.85 to Tara’s adult sister Patricia who is the executrix of their mother’s estate. Patricia is simultaneously petitioning this court in the estate of Dolores A. Tunney, their mother, for letters of a donee of a power during minority to manage property vested in an infant. The petitioner further alleges that he rendered an informal account of his acts as executor of the father’s estate which has been accepted by both Patricia and Tara. Tara’s share is based upon that account.
Testator died on July 24, 1977 survived by two daughters Patricia and Tara as the sole surviving distributees, having previously divorced his wife Dolores. His will dated May 16, 1969 was admitted to probate and letters testamentary issued to the petitioner on November 10, 1977. In article second of his will testator bequeathed his entire estate to his wife Dolores, and in the event that she predeceased him, to his daughters or the survivor of them. Since Dolores was not his wife at the date of death, the entire estate was payable to Patricia and Tara equally (EPTL 5-1.4). At the time of testator’s death, Tara, who was born on July 10, 1961, was 16 years of age and resided with her mother Dolores in Port Washington. Patricia was then over the age of 21. Article fourth of testator’s will provides: "I specifically direct that if any of the terms or conditions of this Will become operative so as to leave any of my property to any minor child or children who may then be under the age of 21 years, then and in that event, I nominate, constitute and appoint edward j. reilly and james harkins, or the survivor of them, in case one of them shall be then dead, as Testamentary Guardians of such *1060 minor child or children, and direct that they, or either of them, shall act in such capacity without bond, security or other undertaking.”
Since Dolores, Tara’s mother, was then alive, testator’s attempt to designate petitioner testamentary guardian of Tara was ineffective (Domestic Relations Law, § 81; Matter of Fuchs, 10 Misc 2d 997; Matter of Dedon, 68 Misc 2d 1012). Testator’s ineffective attempt to designate petitioner as Tara’s testamentary guardian resulted in what was formerly known as "a power in trust,” now "a power during minority to manage property vested in an infant” (SCPA 1704; Matter of Fuchs, supra; Matter of Dedon, supra; 1 Harris, Estates Practice Guide [1968 ed], §§ 43, 44).
Tara, having attained the age of 18 years, is no longer a minor since the Legislature reduced the age of minority from 21 to 18, effective September 1, 1974 (L 1974, ch 903). The resulting reduction in the age of majority created a gray area particularly as to instruments executed prior to the legislative change (Matter of MacGowan, 90 Misc 2d 305; Matter of Firth, 83 Misc 2d 493, 494, citing Matter of Church, NYLJ, Feb. 10, 1975, p 15, col 5 [Bennett, S.] and Matter of Freborn, NYLJ, June 13, 1975, p 16, col 1 [DiFalco, S.] [both holding that legacies be held until age 21 even though there were references in both wills to minority and majority]). Recognizing the problem, the Legislature amended EPTL 2-1.10 by chapter 262 of the Laws of 1975, effective June 24, 1975, to provide that as to instruments executed prior to September 1, 1974 reference to the words "minor,” "minority,” "infant,” "infancy,” "majority,” "adult,” and words of similar import, shall be deemed to refer to and mean persons under the age of 21 and unless otherwise expressly stated in any instrument executed after September 1, 1974, the words referred to shall mean a person under the age of 18. Since testator’s will was executed on May 10, 1969, though he died on July 24, 1977, it is apparent that he used the term minor to mean a person under the age of 21 within the meaning of the amendment to EPTL 2-1.10 (Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, 1979-1980 Cumulative Supplement, EPTL 2-1.10, p 43; Matter of Firth, supra; Matter of MacGowan, supra).
The court finds that the testator made a gift to Tara which his executor was to hold as the donee of a power during minority to manage property vested in an infant until Tara *1061 attains the age of 21. Petitioner cannot shirk that responsibility by paying Tara’s bequest to Patricia at this time.
A serious question arises as a result of the petitioner’s informal account of his acts as executor and agreement executed by both Patricia and Tara settling that account dated the 16th day of July, 1979 filed with the court even though Tara was no longer an infant at that time. A review of the petitioner’s account indicates that he failed to set off to Tara the family exemption under EPTL 5-3.1. As an infant at the #time of her father’s death, she was absolutely entitled to the family exemption which forms no part of the testamentary estate. Further, petitioner failed to account for any household furniture and furnishings nor explain their absence. It also appears that the computation of the fiduciary’s commissions is incorrect in that he included in the commissionable estate unsold foreign real property and the family exemptions. Accordingly, petitioner’s application is denied at this time without prejudice to its renewal, and he is directed to file a formal judicial accounting together with a petition for its judicial settlement within 30 days from the date of this decision.