OPINION OF THE COURT
John D. Bennett, J.
This is an application by a corporate fiduciary for permission to resign as the donee of a power in trust for Nicholas Toerge, II, an infant, the revocation of its letters as such donee, and for the appointment by the infant’s mother in its place instead of a successor donee of a power in trust.
At the outset it should be noted that since its revision, article 5 of the Real Property Law dealing with powers is now EPTL article 10; the former power in trust is now denominated a donee of "a power during minority to manage property vested in an infant” (EPTL 10-3.1, subd [b]; Matter of Tunney, 101 Misc 2d 1058; 1 Harris, Estates Practice Guide, § 43; 3 Harris, § 917).
Testator’s will dated August 18, 1970 was duly admitted to probate by this court on March 23, 1971 and letters testamentary issued to petitioner as the sole nominated executor. Subparagraph A of article third of the will directed the payment of $25,000 to each of the testator’s four named grandchildren, two of whom, Nicholas Toerge, II, and Diana Toerge, were under 21. Testator, in article fifth, provides that in the event any share of his estate vests in an infant under 21 years it is to remain in the care and custody of the bank as "Donee under a power in trust without bond until the infant *594 attains 21.” While the property is held by the donee, it shall have and be subject to all the powers granted to the executor, who is to apply so much of the income or principal of such share as it, in its sole and uncontrolled discretion, deems advisable for the proper support, maintenance, or education of the beneficiary until the infant attains 21, at which time the donee is to pay over the principal or balance and any accumulated income to the beneficiary absolutely. On June 18, 1971 separate letters of trusteeship of a donee of a power in trust were issued to petitioner for the bequest to Diana Toerge, then age 18, and for the bequest to Nicholas Toerge, II, then age 9. Letters to a donee of a power during minority to manage property vested in an infant may be issued in only two instances: the first, where the testator so directs and the second where there is an ineffective nomination of a testamentary guardian of an infant (Matter of Tunney, supra; SCPA 1714; Matter of Babbage, 201 Misc 750; 3 Harris, Estates Practice Guide, § 917). In either instance the donee is subject to the provisions relating to guardians (SCPA 1714).
 The powers of a donee of a power during minority to manage property vested in an infant created by the will are construed under the will’s provisions as distinguished from an ineffectual designation of a testamentary guardian and where the powers are those of a guardian of the property of an infant, both of which are statutory (Matter of Babbage, supra; Matter of Fuchs, 10 Misc 2d 997, 998). Surrogate Cox, in Matter of Fuchs (supra, p 998), made the distinction clear by stating "[pjroperly speaking, the petitioners are not trustees of the infant’s property during his minority; they are trustees under the will of this testator for the term stated in the will, and with all of the powers and discretion granted to them in the will.” For the court to authorize the resignation of the petitioner and the appointment of the mother as successor donee of a power to manage during minority property vested in Nicholas Toerge, II, the court would be required to appoint the infant’s mother as administratrix with the will annexed since she would have no authority over the infant’s property other than those granted to the fiduciary nominated in the will.
Petitioner’s attempt to have the infant’s parents consent to the account as donee of a power to manage during minority property vested in Nicholas is improper. Neither parent has been designated general guardian of the infant so that their *595 consent to the account is not binding upon the infant and is totally ineffective. Absent the appointment of a guardian of the property of Nicholas, the court would be required to appoint a guardian ad litem to review the petitioner’s account as donee of a power to manage during minority property vested in Nicholas before petitioner could be released.
Perhaps the solution to the problem is for the petitioner to exercise the power given to it pursuant to article fifth of the will by making payment to the legal guardian of Nicholas thereby avoiding the necessity of the appointment of a successor donee of a power to manage during minority property vested in an infant. Accordingly, petitioner’s application is denied without prejudice to its renewal in accordance with this decision.