OPINION OF THE COURT
Renee R. Roth, S.
As an incident to this trustee’s accounting, the court is required to determine the validity of a power in trust created for a person who is not a minor.
Petitioner, Bankers Trust Company, is the sole surviving trustee of a trust for the income benefit of Jonathan Schaper *924 created under the will of his mother, Doris C. Schaper, who died in 1963.
Mrs. Schaper’s will directed the distribution of trust principal to her son Jonathan at ages 25, 30, 35 and 40. When he reached the age 40, which he did on April 23, 1988, the balance of the principal fund was to be paid over to him.
Article Thirteenth of the will, however, imposes a condition upon such distribution in the following terms: "If any portion of the principal of any trust shall upon termination vest in a minor or in any person during his physical, mental or any other disability, or an outright bequest is made to a minor or to any person who shall be afflicted as above stated in this Article 'thirteenth’, my Executors and/or Trustees are empowered to retain same as donees of a power in trust and to invest and reinvest such principal during minority of the minor or during the said disability as above stated of such person” (emphasis added).
Asserting that Jonathan may presently suffer from the kind of disability contemplated by his mother in the above-quoted provision, the trustee bank requests the court to determine whether in fact Jonathan has such a mental disability and, if so, to define and construe the term "donee of a power in trust”. (It is noted parenthetically that article Tenth of the will directs the trustees to distribute or apply any income or principal to the beneficiary in their discretion.)
The guardian ad litem appointed to represent Jonathan has reported to the court. Based on his meetings with Jonathan, his interviews with family and friends and his review of Jonathan’s medical records, the guardian observes that his ward has no permanent home and cannot manage his money. He concludes that Jonathan’s disorder prevents him from caring for himself.
The court concurs and accordingly finds that Jonathan suffers from the kind of mental disability contemplated by his mother. The court also determines that Mrs. Schaper’s intent as expressed in her will can be effected by the trustee bank continuing to manage Jonathan’s trust principal as a "donee of a power in trust”.
Powers in trust have long been a part of our common law (Reynolds v Denslow, 80 Hun 359 [1894]). Most frequently, testamentary provision for a power in trust was made when under the terms of a will the possibility existed that trust principal might vest in an infant (see, Matter of Dobbs, 133 *925 Misc 90; Matter of Baechler, 121 Misc 691, affd 215 App Div 797; Matter of Scoville, 72 Misc 310). But, provision for a power in trust could also be made for other beneficiaries (Matter of Whiting, 134 NYS2d 422, 423; Matter of Allen, 111 Misc 93, 118, affd 202 App Div 810, mod on other grounds 236 NY 503).
A statute to much the same effect was part of article 5 of the Real Property Law until it was replaced in 1967 by article 10 (Powers) of the Estates, Powers and Trusts Law.
However, before it was incorporated in the EPTL, the relevant provision, Real Property Law § 132 (2), was amended in 1965 (L 1965, ch 824) at the recommendation of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (the Commission). The revision eliminated any reference to the term "power in trust”. The following year the statute was again amended and in its revised form became EPTL 10-3.1 (L 1966, ch 952) which states that the provisions of article 10 apply to "a power during minority to manage property vested in an infant” (EPTL 10-3.1 [b]; emphasis added).
The omission of any specific mention of the availability of "a special power, formerly a power in trust, to manage property vested in an ailing, aged or incompetent person” was brought to the attention of the Commission by a Bar Association committee. With respect to this concern, the Commission in its report (4th Report of Temporary State Commn on Modernization, Revision and Simplification of Law of Estates, 1965 NY Legis Doc No. 19, at 24) observed that: "It was felt by the Commission, however, that the language of section 132 (2) of the Real Property Law [EPTL 10-3.1 (b)] to the effect that the enumeration of powers therein was not exclusive but illustrative, was clearly indicative of the intent not to invalidate other proper powers not specifically mentioned.”
Further, EPTL 10-1.1 provides that "[t]he common law of powers * * * is retained as the law of this state”. Since there was a common-law right in 1966 to confer upon a donee a "power in trust” to manage property vested in a mentally disabled person, it continues to this date.
The precise scope of such a donee’s authority is less clear. Most of the decisions on point involve an ineffectual designation of a testamentary guardian of an infant rather than an explicit creation of a power in trust. In that situation, codified under SCPA 1714, the holder of the power has the authority *926 of a guardian. However, where a fiduciary is made a donee of a power in trust by the express terms of a will, most authorities agree that the donee, usually an executor or trustee, has the powers granted to him by the will (Matter of Toerge, 102 Misc 2d 592; Matter of Sinclair, 61 Misc 2d 38; 10C Cox-Arenson-Medina, NY Civ Prac ¶ 1714.01; but cf., Matter of Schulman, 138 NYS2d 646). There is also a question as to whether a holder of a power in trust has the powers conferred by EPTL 11-1.1 since the definition of fiduciary does not include such donees (EPTL 11-1.1 [a] [3]).
Although the principal of Jonathan’s trust vested in him when he reached age 40 on April 23, 1988, the bank as a donee of a power in trust may continue to administer the trust until Jonathan’s disability terminates subject to the further order of this court. The trustee shall be governed by all laws applicable to trustees’ commissions.
With respect to the distribution of income, the trustee is vested with discretion under other provisions of Mrs. Schaper’s will. Exercise of such discretion may continue (see, Matter of Toerge, supra).
It is noted that as a result of litigation for child support brought by Jonathan’s former wife, the trustee bank has been enjoined from making any distribution of principal (Schaper v Schaper, Sup Ct, NY County, Feb. 3, 1989, Tyler, J.). The trustee is required to continue to obey such order (see, Matter of Chusid, 60 Misc 2d 462) until it is modified or vacated or the question of the distribution of trust assets is transferred to this court.